[Civil No. 541.   Filed June 1, 1897.]

[48 Pac. 1009.]

## RHODA P. GREEN et al., Defendants and Appellants, v. E. D. TUTTLE et al., Plaintiffs and Appellees.

1. PRINCIPAL AND AGENT—ATTORNEY IN FACT—AGENCY—REVOCATION BY DEATH OF PRINCIPAL—DEED—VOID.—A deed executed by an attorney in fact after the death of his principal is void.

2. REAL PROPERTY — DEED — FRAUDULENT REPRESENTATIONS—VOID.— Where it appears that a wife, under the belief that her husband was still living, joins in the execution of a deed made by her husband's attorney in fact, at the request of such attorney in fact, he having knowledge of the death of the husband, and representing to the widow that it was the husband's wish that she should sign it, such deed is void.

3. SAME—COMMUNITY PROPERTY—CONVEYANCE BY HUSBAND—NECESSITY OF WIFE JOINING—REV. STATS. ARIZ. 1887, PAR. 2102, CONSTRUED. —Real estate which was community property, and held in the name of the husband alone, and over which he had entire control, could

be sold and conveyed by him without his wife joining in the deed as fully as though she had joined. Par. 2102, *supra.*

4. SAME—DOWER—ACT OF CONGRESS OF MARCH 3, 1887, CHAP. 397, SEC. 18, HAS NO APPLICATION IN THIS TERRITORY.—There is no dower in this territory and section 18, *supra,* providing for the release of dower has no application therein.

5. SAME—DEED—CONSIDERATION—NECESSITY FOR.—A deed without consideration is void.

APPEAL from a judgment of the District Court of the Second Judicial District in and for the County of Graham. Owen T. Rouse, Judge. Reversed.

Statement of facts:—

This action was commenced by appellees, plaintiffs below, in the district court of Graham County, Arizona, by complaint filed March 8, 1895, asking that the title to certain lands therein described, amounting to one hundred and twenty acres, be adjudged to appellees, alleging that appellant and her co-defendants claimed an interest therein adverse to appellees. Appellant, for herself, and as administratrix of John S. Green, deceased, and as guardian of her co-defendants, Rees Green, Harry Green, and Halis Green, by her pleadings asserted a claim to said lands, asking that the title of the same be adjudged to defendants. Judgment was rendered against appellant, and in favor of appellees, for one half of said lands, and in favor of minor heirs for the remaining half. From this judgment appellant brings her appeal. The pleadings show that John S. Green and appellant were, or had been, husband and wife; that appellant was administratrix of the estate of her husband, deceased, and guardian of Rees Green, Harry Green, and Halis Green, minor children of appellant and John S. Green; that said lands were conveyed to the husband, July 28, 1890; that the lands were held by John S. Green on November 30, 1891, and were community property; that on December 30, 1891, said one hundred and twenty acres were conveyed to Sheriff Marshall by deed of appellant joined with deed of Lyman Follett, alleged attorney in fact of John S. Green. The foregoing facts are disclosed and admitted by the pleadings. The evidence shows: Appellant was born June 16, 1872, and was married April 16, 1887; that her husband, John S. Green, was dead at date

of deed to Marshall, December 30, 1891, and admitted as proved by appellees; that appellant and her co-defendants received no consideration for said lands, or deed therefor, and that no consideration was paid therefor by Marshall or any one in his behalf; that appellant was induced to make said deed by false and fraudulent representations of said Follett that it was the wish of her husband that she sign the same. The foregoing facts were alleged by defendants, and fully shown by the evidence.

Wiley E. Jones, and W. H. Barnes, for Appellant.

It is contended for appellant that—1. Said lands being community property, not "held by her in her own right," her deed therefor was void; 2. Appellant was a minor and unmarried at the time of her deed with Follett to Marshall, then being but nineteen years of age, and she had no power whatever to convey any lands or estate therein, and her deed was void; 3. Appellant's deed was without consideration and was void.

Appellees claim that the Marshall deed is valid under whatever authority appellant derived from paragraph 225 of the Revised Statutes of Arizona, which reads as follows: "Married women of the age of seventeen years and upwards may convey and transfer lands or any interest or estate therein, vested in or held by them in their own right, without being joined by the husband in such conveyance, as fully and perfectly as they might do if unmarried." But the lands in controversy are community property. "No doctrine is firmer settled by the courts of the various community states, than that all property purchased during coverture, whether taken in the name of the husband or that of the wife, or in their joint names, is to be deemed *prima facie* to belong to the community." Ballinger on Community Property, sec. 162; *Lott* v. *Keach,* 5 Tex. 394; *Edrington* v. *Mayfield,* 5 Tex. 363; *Schuler* v. *Savings and Loan Society,* 64 Cal. 397, 1 Pac. 479; *Althof* v. *Conheim,* 38 Cal. 230, 99 Am. Dec. 363; *Metcalf* v. *Clark,* 8 La. Ann. 286.

The property described in deed by appellant and Follett to Marshall, being community property, was not embraced in the property described under paragraph 225 of the Revised Statutes,—to wit, held by her "in her own right." She held whatever interest she had through her husband, by virtue of the

marriage relation. Property described in her deed could be conveyed under paragraph 2102 of the Revised Statutes, "by the husband only."

Paragraph 225 describes what in law is "separate property" of the wife.

In *Kinner* v. *Walch,* 44 Mo. 65, the court held that separate property of the wife was owned in her own right, and that it was exclusively hers, as expressed by the court.

"No particular form of words is necessary to vest property in a married woman for her separate use." *Clark* v. *Maguire,* 16 Mo. 302; *Prout* v. *Roby,* 15 Wall. 471; *Nixon* v. *Rose,* 12 Gratt. 425; *Porter* v. *Bank,* 19 Vt. 410; *Lyon* v. *Knott,* 26 Miss. 548.

"The power given to a married woman to contract in regard to her separate property does not extend to property held by her and her husband jointly." *Speier* v. *Opfer,* 73 Mich. 35, 16 Am. St. Rep. 556.

W. M. Lovell, and C. E. Moorman, for Appellees.

HAWKINS, J. (after stating the facts).—Numerous errors are assigned, but it is not necessary to notice any except (1) that the lands being community property, not held by the appellant in her own right, her deed was void; and (2) her deed was without consideration, and was void. The deed in this case was intended to be the deed of John S. Green. When it was executed by Follett, his alleged attorney in fact, and joined in by his wife, John S. Green was dead. It was therefore void. His widow, supposing he was alive, at the request of Follett, joined in the execution of the deed. It was not intended that she was signing the deed as the widow of John S. Green, but as his wife. Under paragraph 225 of the Revised Statutes "married women of the age of seventeen years or upward may convey or transfer lands, or any estate or interest therein, vested in or held by them in their own right, without being joined by the husband in such conveyance, as fully and perfectly as they might do if unmarried." The lands in controversy are community property. They were under the control of the husband. He could convey without the necessity of the wife joining in the deed. The above section relates solely to the separate property of the

wife. In the present case she had made no conveyance of her separate property,—she had simply joined in a deed which she supposed her husband was executing. It was in no sense her deed. The law does not make a person do one thing when he intends to do another. Her name was not necessary to a deed from her husband to community property. It neither added anything to, nor took anything from, the validity of the deed. When this deed was executed Green was dead, and it was entirely void, and this real estate descended to the widow and children charged with the debts of the deceased. If there was a mortgage upon the real estate, it should have been presented to the estate and foreclosed in the manner designated by the statute. "No doctrine is firmer settled by the courts of the various community states than that all property purchased during coverture, whether the conveyance be taken in the name of the husband or that of the wife, or in their joint names, is to be deemed *prima facie* to belong to the community." Ballinger on Community Property, sec. 162, and authorities cited. "The power given to a married woman by statute to contract in regard to her separate property does not extend to property held by her and her husband jointly." *Speier* v. *Opfer,* 73 Mich. 35, 16 Am. St. Rep. 556, 40 N. W. 909. The real estate in question was community property, and held in the name of the husband alone. During his life he had entire control over it, and could sell and convey it without his wife joining in the deed. Rev. Stats. 1887, par. 2102. If when appellant signed this deed she did so thinking she was releasing dower, under section 18 of chapter 397 of the act of Congress of March 3, 1887, it passed no title from her, for the reason that there is no dower in this territory, and said section of said act of Congress applied to the territory of Utah only, and not to the other territories of the United States. *France* v. *Connor,* 161 U. S. 65, 16 Sup. Ct. Rep. 497. The only object of Follett in getting the deed signed by appellant, he knowing that Green, her husband, was dead, must have been with the intent of fraudulently getting the legal title out of Green and his wife. The legal title was in Green. Death had revoked his power of attorney to Follett; hence, when Follett executed the deed as the attorney in fact of Green, no title passed. Mrs. Green was deceived into signing the deed, and if it is contended that the interest she inherited

from her husband was conveyed, which seems to be the view taken by the court below, she received no consideration for the conveyance.

As stated, other errors are assigned, and the one which seems most strongly relied on by appellant is the alleged minority of appellant at the time she signed the deed. We do not think this question very material to the issues. Her marriage had emancipated her so far as her separate estate was concerned. But the property in question was not her separate estate. She signed the deed under mistake, misrepresentation, and fraud. No title passed from Green, and her signing the deed as the wife of Green did not convey any interest she owned in the land as the widow and an heir at law of her husband. The judgment is reversed, and the cause remanded.

Baker, C. J., and Bethune, J., concur.