492 P.2d 700

Sharon J. **MUBI** and William J. Mubi, Jr., Co-Executors of the estate of William J. Mubi, deceased, Petitioners,

v.

Judge Robert C. **BROOMFIELD,** Judge of the Maricopa County Superior Court, and Walter W. Tribble and Jane Doe Tribble, husband and wife, Respondents.

No. 10621–PR.

Supreme Court of Arizona, In Banc.

Jan. 14, 1972.

Robert J. Spillman, Phoenix, for petitioners.

Lewis & Roca, by Paul G. Ulrich, Phoenix, for respondents.

UDALL, Vice Chief Justice:

This case is before us on a Petition to Review a ruling by the Court of Appeals (No. 1 CA-CIV 1755) wherein the Court declined to accept jurisdiction in a special action for the reason that prior to the time of the service of the written acceptance of offer on August 11, 1970, William Mubi, plaintiff's husband, had died. The Court of Appeals ordered the petition dismissed. We also conclude the petitioner's prayer for relief must be denied.

The undisputed facts are that William Mubi, husband of petitioner in this case, commenced a civil suit in Superior Court, Maricopa County, against Walter W. Tribble and Jane Doe Tribble for personal in-. juries and property damages resulting from a motor vehicle collision. On August 5, 1970, after this action was filed, defendants through their attorney filed an answer and an Offer of Judgment in the amount of $3,150.

Under Rule 68, Rules of Civil Procedure, 16 A.R.S., this offer had to be accepted, if at all, within 10 days or it was deemed withdrawn. William J. Mubi died at approximately 9:00 A.M. on the 11th day of August, 1970, 6 days after the offer was made. Prior to his death he had advised his wife Sharon Mubi to accept the offer of settlement of $3,150, and she in turn advised the secretary of Mubi's attorney, Robert Spillman, that the offer was accepted. Because Spillman was out of town on vacation he did not receive the notice of the offer of judgment until 2:00 P.M. on

August 11th, whereupon Spillman authorized an office associate to immediately accept the offer of judgment pursuant to Rule 68, which acceptance of offer was duly mailed to the defendants on August 11, 1970 and was received in due course. Upon Spillman's return to his office he caused an acceptance of offer of judgment to be mailed to the law firm representing defendants on August 17, 1970, which acceptance of offer was duly receipted by the attorneys for the defendants.

It appears, thus, that while the decision to accept the Offer was communicated to decedent's attorney before he died, the written acceptance as required by Rule 68 was not made until after Mubi died.

The petitioners did cause to be filed subsequent to the death of Mubi a motion for substitution for party plaintiffs and a motion for judgment pursuant to Rule 68. A hearing was held before Honorable Ross F. Jones of the Superior Court of Maricopa County concerning petitioner's claim for relief. The motion for judgment under Rule 68 was taken under advisement and the matter was subsequently assigned to Judge Robert C. Broomfield of Maricopa County Superior Court, and that court entered an order denying petitioner's motion for judgment.

We accepted jurisdiction to review the Court of Appeals' decision to affirm the trial court's denial of petitioner's motion for judgment pursuant to Rule 68 in order to decide, among other things, the important question of whether an Offer of Judgment under Rule 68, Rules of Civil Procedure, is such an irrevocable offer of judgment as would remain open for the full 10 days in spite of the death of the offeree. While the statute is silent on whether the offer can be withdrawn within this time period, it does provide that, if the written acceptance is served on the offeror within 10 days and then filed with the Court along with the offer and proof of service, a judgment complying with Rule 58(a) shall be entered.

We are of the opinion that the Offer of Judgment pursuant to Rule 68 is not subject to revocation since an irrevocable offer for a period of time fixed by rule of law constitutes an option for a consideration and is not terminated by the death of the offeree. Barron & Holtzoff, Federal Practice and Procedure, Vol. 3, Section 1473, page 524; "May Offers of Judgment under Rule 68 be Revoked before Acceptance", Morris K. Udall, 19 F.R.D. 401; Restatement of the Law of Contracts, § 48; 17 Am.Jur.2nd, Contracts, § 38, page 377.

Since written acceptance as required by Rule 68 was not made prior to death, we must inquire into whether it was validly made after death in view of our holding that death did not terminate the offer. We hold that acceptance was not properly made.

The power to accept after Mubi's death was transferred to his estate and upon its command the acceptance, if made in writing and within the 10-day period, would have been valid. Since this did not occur, the only question remaining is whether the decedent's attorney could accept on behalf of Mubi after his death. With very few exceptions, none of which are applicable here, the death of the principal acts as an instantaneous revocation by operation of law of the authority of the agent. Phoenix Title & Trust Co. v. Grimes, 101 Ariz. 182, 416 P.2d 979; Green v. Tuttle, 5 Ariz. 179, 48 P. 1009 (1897); Restatement of Agency, Second § 120; 7 C.J.S. Attorney & Client § 113. When a person has authority as an attorney to do an act, he must do it in the name of the one who gave him that authority. The principal appoints the attorney to act in his place and represent his person. Thus, where there is only a naked authority, not coupled with an interest, the death of the principal without notice ends the agent's authority to act in his principal's behalf. In short, the agent's power is a derivative one and simply cannot last long-

er than the original authority except in a few unrelated instances.[1]

Since the existence of a contingent fee contract does not create an agency coupled with an interest nor otherwise create an interest in the suit sufficient to create an exception to this rule, we hold that the power of the attorney to answer on behalf of Mubi terminated at Mubi's death. State Farm Mutual Insurance Company v. St. Joseph's Hospital et al., 107 Ariz. 498, 489 P.2d 837 (1971); Employers Casualty Co. v. Moore, 60 Ariz. 544, 142 P.2d 414 (1943). Since the acceptance, made first by Mr. Spillman's office associate and then by Mr. Spillman, could not bind Mubi or his estate, the offer was not accepted within the 10-day period and pursuant to Rule 68 was "deemed withdrawn".

It is ordered that petitioner's prayer for relief be denied.

HAYS, C. J., and STRUCKMEYER, LOCKWOOD and CAMERON, JJ., concur.

---

1. See Restatement Second § 120; a further exception is sometimes made where innocent third parties are protected from dealings made in good faith with an agent and death of the principal is unknown. Since this is not such a case, we need not decide if we will recognize this exception in Arizona.