22 Ariz. App. 133 (1974)
524 P.2d 967
TWIN CITY CONSTRUCTION CO. OF FARGO, NORTH DAKOTA, a North Dakota corporation, doing business through its division, Skarphol Co., and United States Fidelity and Guaranty Company, a Maryland corporation, Petitioners,
v.
The Honorable Irwin CANTOR, Judge of the Maricopa County Superior Court, Respondent, and J. Richard WELLS dba Wells Masonry Constructors, Real Party in Interest.
No. 1 CA-CIV 2767.
Court of Appeals of Arizona, Division 1, Department B.
July 23, 1974.
Rehearing Denied August 22, 1974.
Review Denied October 8, 1974.
*134 Shimmel, Hill, Bishop & Gruender by Arthur W. Pederson, Phoenix, for petitioners.
Strong & Pugh, P.A., by William K. Strong, Phoenix, for respondent.
OPINION
JACOBSON, Chief Judge, Division 1.
This special action presents the limited question of whether a trial court may relieve a party of the sanctions imposed by Rule 68, Rules of Civil Procedure, authorizing an offer of judgment.
The facts necessary for a determination of this matter are not in dispute. Petitioners, Twin City Construction Co. of Fargo, N.D. and United States Fidelity & Guaranty Company (petitioners) are defendants in an action brought by real party in interest, J. Richard Wells dba Wells Masonry Constructors (Wells). In that action, Wells seeks $20,034.57, allegedly due from petitioners by reason of a subcontract for construction of a school in Lake Havasu City, Arizona. Petitioners filed an answer denying liability and a counterclaim for damages caused by Wells allegedly failing to complete the work. The counterclaim seeks damages in excess of $40,000, more than the alleged unpaid balance sought by Wells.
Certain discovery was instituted by Wells, which has not been completed due to the failure of petitioners to adequately respond. While the case was in this posture, petitioners, pursuant to Rule 68, Rules of Civil Procedure, 16 A.R.S. made an offer of judgment to Wells in the sum of $4,001.00. Within the time allowed for acceptance of such offer (10 days), Wells filed a motion to extend the time for responding to the offer or in the alternative "for an order relieving plaintiff of the effect of not accepting defendants' offer of judgment in the event plaintiff recovers less than or the amount of the offer in the final judgment entered herein...." The "effect" referred to in Wells' motion is the following language from Rule 68:
"If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer."
The trial court denied Wells' motion for an extension of time within which to respond to the offer of judgment, but ruled "since plaintiffs cannot evaluate their claim umtil discovery shall be completed, the court will relieve the plaintiff of being bound for any costs pursuant to the rule." Wells argued successfully before the trial court that because petitioners are in default in discovery matters, he is unable to intelligently respond to the offer of judgment and thus should be relieved from the sanctions of the rule.
*135 We accepted special action jurisdiction of this matter to determine the important question of whether a trial court may relieve a noncomplying plaintiff from the sanctions of Rule 68. See, Mubi v. Broomfield, 108 Ariz. 39, 492 P.2d 700 (1972).
Rule 68, Rules of Civil Procedure, provides in part as follows:
"At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and a judgment complying with the requirements of Rule 58(a) shall be entered. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the cost incurred after the making of the offer...."
In any analysis of Rule 68, we must start with the proposition that an offer of judgment once made is irrevocable for the ten-day period, and if not accepted within that ten-day period, the offer is deemed withdrawn. Mubi v. Broomfield, supra. We further note that an offer of judgment can be made by a defending party at any time prior to ten days before trial. Rule 68, supra. Thus, theoretically, under this rule a defendant could make an offer of judgment simultaneously with the filing of his answer  at a time when normally no discovery has been undertaken.
Given then the time within which an offer of judgment can be made and the irrevocable, though temporary, character of the offer when made, we are of the opinion that the trial court may not either extend the time within which an offer may be accepted or rejected or relieve a nonaccepting party from the sanctions imposed by the rule. To relieve a plaintiff of the sanctions imposed is to thwart the basic purpose of the rule. As was stated in Staffend v. Lake Central Airlines, Inc., 47 F.R.D. 218 (N.D.Ohio 1969):
"The purpose of Rule 68 is to `encourage settlements and to avoid protracted litigation.' 7 Moore's Fed.Pract. ¶ 68.02. It has the additional purpose, in the event the Offer of Judgment is not accepted, `to fix responsibility for costs thereafter.' Nabors v. Texas Co., 32 F. Supp. 91 (W.D.La. 1940).
* * * * * *
"The provision in the rule which imposes costs upon a party who refuses an Offer of Judgment and who later recovers no more than the offer also puts teeth in the rule and makes it effective by encouraging acceptance.
* * * * * *
"The advantage to a defendant of utilizing the Rule 68 procedure is that if his Offer of Judgment is not accepted, he may escape the imposition of further costs where the plaintiff does not eventually secure a judgment exceeding the offer. Extending the ten-day acceptance period would deprive the defendant of the advantage of using Rule 68, since the plaintiff could accept at a much later date, possibly imposing the intervening costs on the defendant."
The underlying purpose of encouraging settlement has been amplified in Wright & Miller, Federal Practice and Procedure, § 3001 as:
"Although the privilege of an offer of settlement is extended only to the party defending against a claim, it furnishes a just procedure to all parties concerned. It is fair to the claimant because it does the defending party no good to make an offer of judgment that is not what the claimant might reasonably be expected to recover; he will not free himself of the costs if the judgment recovered is more than the offer. It is certainly fair to the defending party because it allows him to *136 free himself of the court cost by offering to make a settlement. It is of great benefit to the court because it encourages settlements and discourages vexatious suits and thus diminishes the burden of litigation." (footnote omitted)
In our opinion to allow a litigant to avail himself of the excuse of lack of discovery to avoid the effect of Rule 68, is to allow the incurring of additional costs (further discovery) without the restraint that such additional costs may have to be borne by the stalling party, and thus the encouragement of settlement would be defeated.
For the foregoing reasons, the relief requested by petitioner is granted and the respondent having failed to accept the offer of judgment within the time specified, shall be subject to the sanctions of Rule 68, Rules of Civil Procedure.
EUBANK, Acting P.J., and OGG, J., concur.
Note: Judge LEVI RAY HAIRE, having requested that he be relieved from consideration of this matter, Judge JACK L. OGG was called to sit in his stead and participate in the determination of this matter.