721 P.2d 664

Eugene W. **PREUSS** and Carol Preuss, husband and wife, Plaintiffs/Appellees,

v.

Gary P. **STEVENS** and Catherine G. Stevens, husband and wife, Defendants/Appellants.

No. 2 CA–CIV 5564.

Court of Appeals of Arizona, Division 2, Department A.

March 7, 1986.

Review Denied June 24, 1986.

Biaett & Bahde, P.C. by Kenneth Biaett, Glendale, for plaintiffs/appellees.

Jennings, Strouss & Salmon by Gerrit M. Steenblik and Jefferson L. Lankford, Phoenix, for defendants/appellants.

HOWARD, Judge.

Appellees, real estate brokers, had sued appellants for a sales commission involved in an unsuccessful attempt to sell appellants' home. Appellants moved for summary judgment, and appellees filed a cross-motion for summary judgment. On June 22, 1983, after hearing arguments on the motion, the trial court took the matter under advisement and confirmed a previously set trial date of August 30, 1983. On Friday, August 19, appellants delivered to appellees' attorney an offer of judgment pursuant to Rule 68, Rules of Civil Procedure, 16 A.R.S., in the amount of $1,301.00. On the same day, unbeknownst to either party, the trial court had dictated a minute entry which granted appellants' motion for summary judgment and denied appellees' cross-motion for the same relief.

On Monday, August 22, appellees' attorney called the clerk of the superior court in connection with an earlier motion in the same case to continue the trial date. He was informed that his motion to continue was not necessary because the trial court had dictated a ruling in favor of appellants. Appellees' attorney called appellants' attorney and told him what the court had done. Appellees' attorney made no mention of the offer of judgment. That same day, appellants delivered to appellees' attorney a revocation of the offer of judgment. Two days later, appellees delivered to appellants' attorney an acceptance of the offer of judgment. Appellants moved to strike the acceptance, but the trial court denied this motion and entered judgment on the acceptance in the sum of $1,301.00. Appellants contend that appellees' acceptance was a nullity. We agree.

Rule 68 states in pertinent part:

At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and a judgment complying with the requirements of Rule 58(a) shall be entered. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer. The fact that an offer is made but not accepted does not preclude a subsequent offer...."

It has been held in Arizona that an offer of judgment pursuant to Rule 68 is not subject to revocation, since an irrevocable offer for a period of time fixed by rule of law constitutes an option for consideration. *Mubi v. Broomfield,* 108 Ariz. 39, 492 P.2d 700 (1972). The purpose of Rule 68 is to encourage settlements and avoid protracted litigation, *Twin City Construction Co. of Fargo, North Dakota v. Cantor,* 22 Ariz.App. 133, 524 P.2d 967 (1974), and to allow the defendant to free himself of the court costs by offering to make a settlement.

We believe that a trial court's decision on a motion for summary judgment prior to acceptance destroys the purposes for which the rule was designed and we hold that the offer of judgment was ineffectual for any purpose.

Appellants have asked for and are entitled to attorney's fees upon compliance with Rule 21(c), Rules of Civil Appellate Procedure, 17A A.R.S.

Reversed and remanded for further proceedings consistent with this opinion.

HATHAWAY, C.J., and FERNANDEZ, J., concur.