961 P.2d 1047

**Elizabeth Ellen WERSCH, a married woman, dealing with her sole and separate property; Elizabeth Ellen Wersch and Michael Wersch, wife and husband, Plaintiffs–Appellants,**

**v.**

**RADNOR/LANDGRANT—A PHOENIX PARTNERSHIP, an Arizona general partnership, Defendant–Appellee.**

No. 1 CA–CV 97–0059.

Court of Appeals of Arizona, Division 1, Department C.

Dec. 18, 1997.

Review Denied Sept. 10, 1998.

---

Begam, Lewis, Marks & Wolfe, P.A. by Steven M. Friedman, Lisa Kurtz, Phoenix, for Plaintiffs–Appellants.

Teilborg, Sanders & Parks by John C. Gemmill and Christian K.G. Henrichsen, Phoenix, for Defendant–Appellee.

LANKFORD, Judge.

Plaintiffs appeal the trial court's ruling which disallowed their acceptance of a Rule 68 offer of judgment after the court had entered summary judgment against them. The sole issue on appeal is whether plaintiffs could accept defendant's offer of judgment. Because a judgment nullifies a Rule 68 offer of judgment, plaintiffs could not accept the offer. We therefore affirm the trial court's ruling.

We begin with the procedural history leading to this appeal. Plaintiffs filed this action against Radnor/Landgrant, an Arizona partnership and other defendants. Plaintiff Elizabeth Wersch suffered injuries as a passenger on a motorcycle involved in an accident. Defendant owned a retail business at or near the site of the accident, and Wersch claimed that its negligence contributed to the accident.

On May 9, 1996, defendant moved for summary judgment. Four weeks later defendant served an offer of judgment upon plaintiffs. *See* Ariz. R. Civ. P. 68. On June 21, two weeks after service of the Rule 68 offer, the court entered summary judgment by minute entry in favor of defendant.

Eighteen days after defendant served the Rule 68 offer, plaintiffs attempted to accept it. This was well within the 30–day period during which offers remain effective under Rule 68. However, the purported acceptance occurred after the court had entered the minute entry granting summary judgment to defendant. On July 24, 1996, the court entered a signed judgment that was not final because, although it resolved all of plaintiffs' claims against this defendant, it did not resolve claims against the other defendants.

The trial court rejected plaintiffs' attempted acceptance and on October 28 entered a formal judgment which included finality language pursuant to Rule 54(b).[1] Plaintiffs appealed. This Court has jurisdiction pursuant to Arizona Revised Statutes Annotated ("A.R.S.") section 12–2101(B).

On appeal, plaintiffs claim the trial court should have allowed them to accept defendant's offer. Although plaintiffs attempted to accept the offer after the trial court decided to award summary judgment, they nevertheless assert their acceptance was valid because it occurred within the 30–day period during which Rule 68 says offers remain effective. *See* Ariz. R. Civ. P. 68.

Rule 68 governs our decision. The interpretation of rules and statutes poses questions of law. *Owens v. City of Phoenix,* 180 Ariz. 402, 405, 884 P.2d 1100, 1103 (App. 1994); *see Wyatt v. Wehmueller,* 167 Ariz. 281, 284, 806 P.2d 870, 873 (1991) (construing the meaning of a state statute); *Devenir Associates v. City of Phoenix,* 169 Ariz. 500, 503, 821 P.2d 161, 164 (1991) (interpreting court rules using the same principles of construction as statutes). Our review of the trial court's interpretation and application of

---

1. The summary judgment disposed of all the issues between plaintiffs and this defendant.

a rule is therefore *de novo*. *See Owens*, 180 Ariz. at 405, 884 P.2d at 1103.

▮ Interpreting a prior version of Rule 68, this Court held that a plaintiff could not accept an offer of judgment after the trial court had issued a minute entry awarding summary judgment. *Preuss v. Stevens*, 150 Ariz. 6, 7, 721 P.2d 664, 665 (App.1986). We said: "[A] trial court's decision on a motion for summary judgment prior to acceptance [of an offer of judgment] destroys the purposes for which the rule was designed and we hold that the offer of judgment was ineffectual for any purpose."

*Preuss* is still the correct interpretation of the rule. Contrary to plaintiffs' contention, amendments to Rule 68 do not undercut the holding of *Preuss*. Rule 68(e) now provides that "[a]n offer of judgment made pursuant to this Rule *shall remain effective for 30 days* after it is served...." (Emphasis added).[2]

▮ Plaintiffs contend that the supreme court intended the 30–day period as mandatory and thus it operates despite a summary judgment. We conclude that the addition of language making an offer effective for 30 days does not give the offer vitality after the case is decided.

Nothing in the history of Rule 68 suggests the 30–day provision was intended to allow a plaintiff to override a judgment by accepting an offer of judgment. No comment to the rule suggests the amendment affects the holding of *Preuss*. *See, e.g.*, Ariz. R. Civ. P. 68 State Bar Committee Note (1992 amend.) (addressing the intent of the 1992 amendments, including increased sanctions, simplification of award determination, and attor-

neys' fees). This Court recently held that an offer of judgment served after the court had entered judgment based on a jury verdict is invalid under the current Rule 68. *Conant v. Whitney*, 947 P.2d 864, 868 (App.1997) ("When the [plaintiffs] filed their offer of judgment, a final judgment existed. The [plaintiffs], in effect, asked the trial court to amend Rule 68 to allow an offer of judgment *after* judgment had been entered. We affirm the trial court's refusal to do so.").

▮ When read in context, the "remain effective for 30 days" language in Rule 68 does not entitle a party to accept an offer of judgment after her claim has been decided against her. To determine the intent behind a rule, we must read the rule as a whole and give "meaningful operation to all of its provisions." *See Wyatt*, 167 Ariz. at 284, 806 P.2d at 873; *Devenir*, 169 Ariz. at 503, 821 P.2d at 164. Current Rule 68(e) reads:

> An offer of judgment made pursuant to this Rule shall remain effective for 30 days after it is served, except that an offer which is made within 60 days after service of the summons and complaint shall remain effective for 60 days after service thereof. If the effective period is enlarged by the court, the offeror may withdraw the offer at any time after expiration of the initial effective period and prior to acceptance of the offer.

The "remain effective" language limits the capacity of the offeror to withdraw the offer.[3] The amendment forbids the offeror from withdrawing or revoking the offer within the 30–day period. The amendment does not address the effect of an intervening judgment.

---

2. When *Preuss* was decided, Rule 68 read:
   At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and a judgment complying with the requirements of Rule 58(a) shall be entered.

Ariz. R. Civ. P. 68 (1983); *see Preuss*, 150 Ariz. at 7, 721 P.2d at 665.

3. The majority of litigation involving Rule 68 centers on whether offers of judgment can be withdrawn or revoked. *E.g., Mubi v. Broomfield*, 108 Ariz. 39, 41, 492 P.2d 700, 702 (1972); *Twin City Const. of Fargo, North Dakota v. Cantor*, 22 Ariz.App. 133, 524 P.2d 967 (1974); *see also* Morris K. Udall, *May Offers of Judgment under Rule 68 be Revoked Before Acceptance*, 19 F.R.D. 401 (1956).

■ The better interpretation of Rule 68 is that it does not allow a party to nullify a summary judgment. The Rules of Civil Procedure work as a whole and must be interpreted together. *See, e.g., Digirolamo v. Superior Court,* 173 Ariz. 7, 839 P.2d 427 (1991) (harmonizing Rule 6(b) with Rule 68). The Arizona Rules of Civil Procedure provide for both offers of judgment (Rule 68) and summary judgment (Rule 56). ·

■ Summary judgment allows the court to dispose of issues that are not in genuine dispute. *Morrell v. St. Luke's Medical Center,* 27 Ariz.App. 486, 490, 556 P.2d 334, 338 (1976). This goal is no less important than that of Rule 68, which is to encourage settlement. *See* 13 Daniel R. Coquillette *et al.,* Moore's Federal Practice § 68.02[2] (3d ed.1997); *Delta Air Lines, Inc. v. August,* 450 U.S. 346, 352 & n. 8, 101 S.Ct. 1146, 1150 & n. 8, 67 L.Ed.2d 287 (1981).

Plaintiffs argue they could accept the offer of judgment because the court's entry of summary judgment was partial and interlocutory rather than final. While a partial summary judgment may be changed prior to entry of final judgment, *see* Ariz. R. Civ. P. 56(d), the judgment involved here was later certified as finally and formally entered. Moreover, the summary judgment—even in unsigned minute-entry form—resolved all of the issues between the plaintiffs and this defendant and thus encompassed the same subject matter as this defendant's offer of judgment. Once the merits had been resolved, there was no utility in changing the outcome by allowing acceptance of the offer. *See Conant v. Whitney,* 947 P.2d at 868 (offer made after return of jury verdict is invalid).

Plaintiffs also argue that allowing defendant to make a last minute offer of judgment after moving for summary judgment is unfair. They assert that defendant's actions pressured them to accept its offer. Plaintiffs contend that such pressure contravenes the Rule 68 provision for 30 days to contemplate the offer.

"To be sure, application of Rule 68 will require plaintiffs to 'think real hard' about whether continued litigation is worthwhile; that is precisely what Rule 68 contemplates." *Marek v. Chesny,* 473 U.S. 1, 11, 105 S.Ct. 3012, 3017, 87 L.Ed.2d 1 (1985). Plaintiffs had a fair opportunity to accept the offer. They knew that the motion for summary judgment was pending, and the risk was obvious that the motion might be granted. A pending Rule 68 offer does not bar the case from going forward. Plaintiffs could have accepted the offer prior to judgment and bound the defendant.

In contrast, it would be manifestly unfair to hold the defendant to its offer after it had been awarded judgment. That would give plaintiffs, who could not prevail as a matter of law against this defendant, a windfall. Moreover, it would punish the party who attempted to settle for having made the attempt, a result contrary to the pro-settlement policy of the rule.

Finally, plaintiffs argue that courts should encourage settlement after summary judgment. They cite authority stating that Rule 68 encourages parties to settle and, thereby, avoid protracted litigation. *Twin City Const. of Fargo, North Dakota v. Cantor,* 22 Ariz. App. 133, 524 P.2d 967 (1974). We agree that this is the purpose of the rule. However, the argument overlooks one crucial fact: The summary judgment had already resolved the matter. The parties' dispute having been decided, there was no need to encourage the parties to reach agreement.

Because plaintiffs could not accept the offer of judgment after summary judgment, we need not address other issues raised by the parties, including defendant's attempted revocation of the offer or its contention that the offer was invalid or untimely.

■ We apply *Preuss* and hold that where summary judgment encompasses the same issues as those contained in the offer of judgment, summary judgment precludes a party's ability to accept a pending offer of judgment. It does not matter whether the summary judgment has yet been signed and is appealable.[4] The "effective period" lan-

---

4.  After the trial court decided the motion, all that remained was ministerial. Indeed, it may have been an abuse of discretion if the judge had not finalized the judgment. *See Continental Casualty*

guage of Rule 68(e) prevents the offering party from withdrawing or revoking an offer of judgment during that period. However, the "effective period" does not alter or stay the normal process of litigation, including the functions of Rule 56.

For the foregoing reasons, we affirm.

GARBARINO and NOYES, JJ., concur.

*v. Super. Ct.,* 130 Ariz. 189, 192, 635 P.2d 174,     177 (1981).