George W. COLEMAN, Jr., Plaintiff,

v.

**WILSON & ASSOCIATES, P.L.L.C., and Wells Fargo Banks, N.A., Defendants.**

**NO. 3:15–cv–00842**

United States District Court, M.D. Tennessee, Nashville Division.

Signed 02/22/2017

---

Webb Brewer, Brewer & Barlow PC, Memphis, TN, for Plaintiff.

Brittany Bartley Simpson, Jonathan Jacob Cole, Baker, Donelson, Bearman, Caldwell & Berkowitz, PC, Nashville, TN, for Defendants.

## MEMORANDUM AND ORDER

WAVERLY D. CRENSHAW, JR.,
UNITED STATES DISTRICT JUDGE

George Coleman filed this action against Wilson & Associates, PLLC, and Wells Fargo Banks, NA (collectively "Defendants"), in the Davidson County, Tennessee, Chancery Court, alleging multiple state law causes of action in an attempt to prevent Wells Fargo from foreclosing on Coleman's house. (Doc. No. 1–1.) Defendants properly removed this case under 28 U.S.C. § 1441(a). (Doc. No. 1.) After Coleman accepted Wells Fargo's offer of judgment, pursuant to Federal Rule of Civil Procedure 68, the Clerk entered judgment. (Doc. Nos. 63–64, 73.) Before the Court is Wells Fargo's Motion for Relief of the Entry of Judgment under Federal Rules of Civil Procedure 59(e) and 60(b). (Doc. No. 75.) For the following reasons, Wells Fargo's motion is **DENIED**.

## I. PROCEDURAL HISTORY

Chief Judge Kevin Sharp transferred this case to the Court on May 18, 2016. (Doc. No. 33.) Shortly thereafter, the Court entered an order setting the pretrial conference for November 28, 2016, and the bench trial for December 6, 2016. (Doc. No. 34.) On June 10, 2016, Wells Fargo moved for summary judgment on all claims. (Doc. No. 36.) On November 21, 2016, the Court granted Wells Fargo's motion on five of the six counts in the Complaint, and denied the motion as to the breach of the covenant of good faith and fair dealing claim.[1] (Doc. Nos. 61–62.)

On November 9, 2016, as this case was approaching the pretrial conference and before the Court ruled on the dispositive motion, Wells Fargo served on Coleman a Rule 68 offer of judgment. (Doc. No. 63.) As provided in Rule 68(a), the offer of judgment was valid for fourteen days—until November 23, 2016, or five days before the pretrial conference. Two days before the expiration of the offer—and the day the Court entered its order on Wells Fargo's motion for summary judgment—Coleman accepted Wells Fargo's offer. (Doc. No. 64.) However, prior to Coleman accepting the Rule 68 offer, Wells Fargo served on Coleman a notice that it was withdrawing its offer because the Court dismissed the majority of Coleman's claims. (Doc. No. 65.) Because Coleman accepted the offer within the fourteen day period provided in Rule 68, the Court directed the Clerk to

---

1. Coleman did not oppose summary judgment on three of his six claims. (Doc. No. 44.)

enter judgment in this case. (Doc. No. 72.) It is from that judgment that Wells Fargo seeks relief.

## II. STANDARD OF REVIEW

■ A district court may grant a Rule 59(e) motion: "(1) to correct a clear error of law; (2) to account for newly discovered evidence or an intervening change in the controlling law; or (3) to otherwise prevent manifest injustice." CGH Transport, Inc. v. Quebecor World, Inc., 261 Fed.Appx. 817, 823 (6th Cir. 2008) (citing GenCorp, Inc. v. Am. Int'l Underwriters, 178 F.3d 804, 834 (6th Cir. 1999)).

■ Under Rule 60(b)(1), the district court may relieve a party from final judgment, order, or proceeding if the plaintiff can prove: (1) mistake, inadvertence, surprise, or excusable neglect; and (2) that it had a meritorious defense. Burnley v. Bosch Americas Corp., 75 Fed.Appx. 329, 332 (6th Cir. 2003) (quoting Marshall v. Monroe & Sons, Inc., 615 F.2d 1156, 1160 (6th Cir. 1980)).

## III. ANALYSIS

Wells Fargo argues that the Court should grant its motion to prevent injustice. (Doc. No. 75 at 11.) Specifically, it argues that a ruling otherwise would "run contrary to Rule 68's policy of favoring settlement by discouraging defendants from making a Rule 68 offer while a motion for summary judgment is pending." (Id.) Coleman argues that the judgment should not be set aside because there is no need to "prevent manifest injustice" in this case. (Doc. No. 76 at 7.)

Rule 68(a) allows "a party defending against a claim" to serve on an opposing party "an offer to allow judgment on specific terms, with the costs then accrued" at least fourteen days before the date set for trial. FED. R. CIV. P. 68(a). The party served with the offer then has fourteen days to serve written notice accepting the offer. Id. If the offeree accepts the offer, either party "may then file the offer and notice of acceptance, plus proof of service." Id. "The clerk must then enter judgment." Id. If the offeree rejects the offer and the final judgment it receives is not "more favorable than the

unaccepted offer, the offeree must pay the costs incurred after the offer was made." FED. R. CIV. P. 68(d).

The courts of appeals are split on whether Rule 68 offers are revocable, and the United States Court of Appeals for the Sixth Circuit has not addressed that question. Agema v. City of Allegan, 826 F.3d 326, 337 (6th Cir. 2016) (Merritt, J., dissenting). As Judge Merritt explained, there are "three possible approaches: treating such offers as irrevocable during the 14-day period during which the offeree can accept the offer, see, e.g., Richardson v. National Railroad Passenger Corporation, 49 F.3d 760, 765 (D.C. Cir. 1995); allowing such offers to be revoked for good cause, see, e.g., Fisher v. Stolaruk Corp., 110 F.R.D. 74, 76 (E.D. Mich. 1986); or allowing such offers to be freely revoked." Id. No party, either in this case or in Agema, has identified authority supporting the third approach. Id.

The first approach, or the categorical approach, relies on the words in Rule 68 that states the clerk "must" enter judgment. C. Wright and A. Miller, 12 Federal Practice and Procedure § 3004, at 113 (2014). Richardson is the leading case for this approach, holding that Rule 68 is "designed to put significant pressure on the plaintiff to think hard about the likely value of the claim .... In return, the plaintiff, as we understand the scheme, is guaranteed [14 days] to ponder the matter (as though the plaintiff had paid for a [14-day] option)." Richardson, 49 F.3d at 765. The United States Court of Appeals for the Eighth Circuit applied this approach in holding that a Rule 68 offer is irrevocable even after the district court granted a defendant's motion for summary judgment, dismissing the case. Perkins v. U.S. West Commc'ns, 138 F.3d 336 (8th Cir. 1998).

■ There is also support for the "good cause" approach in limited circumstances. Many courts have allowed defendants to use Rule 60(b) as a mechanism to move to set aside a Rule 68 judgment. C. Wright and A. Miller, 12 Federal Practice and Procedure § 3005.2, at 133 (2014). For example, the Sixth Circuit has allowed a defendant to withdraw its offer when a typographical error changed its offer from $500.00 to

$500,000.00. Whitaker v. Assoc. Credit Servs., Inc., 946 F.2d 1222 (6th Cir. 1991). However, this approach cannot be used solely because the defendant changed its mind about the offer. See Mallory v. Eyrich, 922 F.2d 1273, 1280 (6th Cir. 1991) (reversing the district court's grant of the Rule 60(b) motion, which set aside a Rule 68 judgment, when the defendant did not show mistake or fraud). Instead, courts should only grant a Rule 60(b) motion to set aside a Rule 68 judgment in the "most extraordinary circumstances." C. Wright and A. Miller, 12 Federal Practice and Procedure § 3005.2, at 134 (2014) ("Rule 68 enables a defendant to place a plaintiff in a position of having to accept a specific proposal within a brief period or risk an adverse consequence unless it does better at trial. At least plaintiff should be assured that its acceptance will lead to judgment . . . .").

Applying these principles, Wells Fargo is not entitled to relief from the Rule 68 judgment. Unlike the cases Wells Fargo cites, the Court did not grant its motion for summary judgment on all counts, dismissing the case. Day v. Krystal, 241 F.R.D. 474 (E.D. Tenn. 2007); Wersch v. Radnor/Landgrant-a Phoenix Partnership, 192 Ariz. 99, 961 P.2d 1047 (1998); see C. Wright and A. Miller, 12 Federal Practice and Procedure § 3004, at 116 n.8 (2014) ("Once the court entered summary judgment for defendant, plaintiff could no longer accept the outstanding offer of judgment, and the Clerk of Court had no authority to enter judgment pursuant to Rule 68.") (quoting Smith v. Se. Penn. Transp. Auth., 258 F.R.D. 300 (E.D. Penn. 2009)). Rather, the Court only narrowed the issues to be tried. Wells Fargo made a Rule 68 offer in an attempt to "put pressure" on Coleman, and in exchange it agreed to hold the offer open for fourteen days. Richardson, 49 F.3d at 765. The Court's granting of a partial summary judgment is not one of the "most extraordinary circumstances," justifying a withdrawal of the Rule 68 judgment. Wells Fargo has not shown good cause (e.g. fraud or mistake) for revoking the judgment, nor has it shown how revoking the judgment would "prevent manifest injustice." Accordingly, the Rule 59(e) and 60(b) motion is denied.

## IV. CONCLUSION

For the foregoing reasons, Wells Fargo's Rule 59(e) and 60(b) motion (Doc. No. 75) is **DENIED**. Its Motion for Leave to File a Reply (Doc. No. 77) is **GRANTED**.

IT IS SO ORDERED.