OKLAHOMA CITY URBAN RENEWAL AUTHORITY, a Public Body Corporate, Appellee,

v.

Herbert Loyd LINDAUER and Grace Cleaners Inc., Appellants.

No. 46506.

Supreme Court of Oklahoma.

April 15, 1975.

James D. Batchelor, Jerry L. Salyer, Barry W. Johnson, Arthur L. Dyer, Jr., Oklahoma City, for appellee.

Yon & Yon by Charles C. Yon, Oklahoma City, for appellants.

LAVENDER, Justice:

Detailing of facts, other than those above and those later discussed, is not necessary for the determination of this appeal.

Appellant owners' petition in error contains three grounds for reversal: (1) prejudicial remarks of condemnor's counsel in its closing argument to the jury, (2) orders by trial judge during trial causing the jury to be prejudiced against owners, and (3) refusal of trial judge to allow recovery by owners of their expert witness expense as cost in the case.

No argument or reference is made in appellants' brief as to any prejudicial remarks of opposing counsel in the closing argument to the jury. It must be considered waived and abandoned. Hayward v. Ginn, Okl., 306 P.2d 320 (1957); Chancellor v. Chancellor, 202 Okl. 389, 214 P.2d 261 (1950).

As to prejudice, the thrust of owners' objections is not to the rulings per se, but remarks said to be contained in the rulings. The complaint is more to the trial judge's demeanor than his language.

Appellants' brief refers to "remarks made by the Court throughout the trial, and particularly, at pages 9, 19, 37, 14, 140 and 143 of the transcript." [1]

---

1. Particular remarks of trial court referred to by page in the trial transcript are:

"Page 9—BY THE COURT: The Court will state its own objection to that. It is not a proper question.

Page 19—BY THE COURT: No, I am going to sustain it now. Counsellor, you are going to have to quit leading your witness, and you are going to have to get him to give us the basis of the things he is testifying about.

&ast; &ast; &ast; &ast; &ast;

BY THE COURT: Alright, you are going to have to get it in there first some way. He already said somebody gave him some figures.

Page 37—BY THE COURT: Strike all of the answer except the figure.

Page 41—BY THE COURT: Strike all of the answer except 'no.'

Page 140—BY THE COURT: That is good because you waived objection at the pre-trial conference anyway. Are you putting that in evidence?

The entire transcript has been reviewed. There is another similar remark not particularly referred to by appellants.[2] We find nothing in any of the remarks contained in the trial court's rulings that could be considered prejudicial to the appellants. These remarks are not reversible error. The substantial rights of appellants have not been violated. Aldridge v. Burchfiel, Okl., 421 P.2d 655 (1966).

The record review showed some objections to rulings of the trial court by appellants. None of the objections were based on the trial court's language, remarks, demeanor or conduct. The required predicate to complain on appeal is lacking. We have said:

"Where, according to the record of the trial of a cause, a litigant's attorney has made 'known to the Court' (as expressed in Title 12, O.S.1951 § 630) no objection to said court's remarks nor taken any form of exception thereto, there is no predicate upon which to base objections to such remarks on appeal." Layton v. Purcell, Okl., 267 P.2d 547 (1954).

The trial court in its journal entry of judgment denied appellant owners' application asking the condemnor be required to pay the expense of $2,100.00 for two expert witnesses called by the appellant owners at trial to establish their proof of the value of the taking. Appellant owners point to 66 O.S.1971 § 55; Grand River Dam Authority v. Jarvis, 124 F.2d 914 (C. A. 10, 1942); and numerous foreign authorities said to allow expert witness fees as part of the cost.

Section 55, supra, allows a review by the district court of the commissioners' report and a jury trial upon demand. It provides, in part:

"If the party demanding such trial does not recover a verdict more favorable to him than the assessment of the commissioners, all costs in the district court may be taken against him."

The next section, § 56, allows an appeal to this court from the district court. It provides, in part:

" * * * and in no case shall said corporation (condemnor) be liable for the costs on such review or appeal, unless the owner of such real property shall be adjudged entitled, upon their review or appeal, to a greater amount of damages than was awarded by said commissioners. The corporation (condemnor) shall in all cases pay the cost and expenses of the first assessment. * * * " (explanation added)

Grand River Dam Authority, supra, holds §§ 55 and 56, supra, not in violation of Oklahoma Const. Art. 2, § 24. That constitutional provision requires just compensation for the taking of private property. The opinion recited it had no Oklahoma authority to guide it. In speaking of the two sections of the statute, that court said:

" * * *. However, a rational consideration of the two sections together leads to the conclusion that the award of the commissioners constitutes prima facie adjudication or just compensation; that if either party is aggrieved it may appeal, and if it is successful in overturning the award it is entitled to recover the costs of such review or appeal, but if unsuccessful the court may in its discretion tax the costs against the unsuccessful party."

---

* * * * *

BY THE COURT: Alright, have it marked.
Page 143—This remark might be considered critical of counsel but it is directed at opposing counsel and not owner's counsel. It is not applicable to this argument."

2. At page 87 of the trial transcript:
  "BY THE COURT: It really doesn't help the Court or the jury very much when you lead your witness that way. We want his testimony, Mr. Y. Not yours."

We agree with this consideration of §§ 55 and 56, supra. As indicated in that decision, the cost of the original proceeding falls on the condemnor. Otherwise there would be a denial of just compensation. A different question arises where the law provides for a review of the condemnation proceeding and appeal. Kelly v. Oklahoma Turnpike Authority, 269 P.2d 359 (Okl. 1954). Either party aggrieved by the commissioners' award may have the damages determined by a jury. If such party receives a verdict in excess of the commissioners' award, then that party is entitled to recover cost of the jury trial. If such party is unsuccessful, the court may, at its discretion, tax the cost to that unsuccessful party. In the instant case, the appellant owners were successful in increasing the commissioners' award and are entitled to recover cost of the jury trial.

 There is no common-law rule that permits recovery of expenses of litigation. If any such right exists, it must be statutory. Kerr v. United Collection Service, Okl., 267 P.2d 611 (1954); Sarkeys v. Haas, Okl., 402 P.2d 894 (1965). Bottomed on this principle, this jurisdiction has not allowed the recovery of attorney's fees as cost unless authorized by statute or expressly made a part of an agreement. Keel v. Covey, 206 Okl. 128, 241 P.2d 954 (1952); Davis v. National Pioneer Insurance Company, Okl.Ct.App., 515 P.2d 580 (1973). For an example of a statute which does allow attorney fees in a condemnation cause, see 11 O.S.1971 § 1613(f).

We know of no statutory authority allowing recovery as cost, the litigation expense incurred in presenting an expert witness at trial other than the usual statutory witness fees, 28 O.S.1971, §§ 81, 82. Recovery of the statutory witness fee was not the issue in this appeal. The trial court did not err in refusing appellant owners' application to recover the expenses incurred in calling expert witness to testify at the jury trial. "Under the ordinary statute costs do not include . . . the fees of expert witnesses." Nichols on Eminent Domain, 3rd Edition, Vol. 1, § 4.109.

 Both parties presented opinion evidence as to the value of the taking. The weight and credibility of the expert testimony was solely for the jury to determine, whose finding will not be disturbed on appeal. Oklahoma Turnpike Authority v. Burk, Okl., 415 P.2d 1001 (1966).

 This court will not substitute its judgment for that of a jury in matters of damages to be awarded for the condemnation of property for a public use, nor will it disturb the verdict of a jury if supported by any competent evidence. Janko v. State ex rel. Department of Highways, Okl., 455 P.2d 681 (1969). There was competent evidence in the case at bar to support the jury verdict.

Affirmed.

All of the Justices concur.