**Linda HERNANDEZ, Appellant,**

v.

**UNITED SUPERMARKETS OF OKLAHOMA, INC.,**
**Appellee,**

**and**

**Marjorie Duffy and William Duffy, wife and husband, and Judy Bouldin and Brooks Bouldin, wife and husband, Defendants.**

**No. 81925.**

▮

Court of Appeals of Oklahoma,
Division No. 2.

Aug. 23, 1994.

John C. Cramer, Lawton, for appellant.

Rhonda F. Khatib and Michael D. Lewis, Law Offices of Michael D. Lewis, Oklahoma City, for appellee.

BOUDREAU, Presiding Judge.

Linda Hernandez, Plaintiff, brought this action against United Supermarkets, Inc., Defendant, for injuries allegedly sustained when she slipped in a puddle of water and fell in Defendant's store. Plaintiff appeals an order of the trial court granting summary judgment to Defendant on Plaintiff's claim of negligence and an order denying entry of Plaintiff's acceptance of Defendant's offer of judgment.

Two dispositive questions are presented on appeal: (1) whether an offer to allow judgment to be taken, pursuant to 12 O.S.1991 § 1101, can be withdrawn by Defendant; and (2) whether a judgment pronounced within the period granted for Plaintiff's response to an offer of judgment voids the offer? Having reviewed the record and applicable law, we find that an offer to allow judgment to be taken under 12 O.S.1991 § 1101 may not be revoked by Defendant within the statutory period allotted for Plaintiff's response and that an intervening judgment has no effect

on Plaintiff's right to accept an offer of judgment. Accordingly, we reverse the order of the trial court.

## FACTUAL AND PROCEDURAL HISTORY

On August 10, 1990, at approximately 6:30 p.m., Plaintiff went to United Supermarket (Defendant Supermarket) to make a purchase. Plaintiff alleges that after being in the store a short while, she slipped and fell in a puddle of water located on a store aisle, injuring her knee, back and neck. Believing Defendant Supermarket to be responsible for creating the hazard that caused her fall, Plaintiff then brought this action for negligence against Defendant Supermarket on June 10, 1992, and then filed an amended petition to include the building landlords/owners on July 31, 1992.

All Defendants moved for summary judgment. After a hearing was held on the motions for summary judgment, Defendant Supermarket mailed to Plaintiff an offer to allow judgment to be taken against it for $7,500, inclusive of all interest, costs, and attorney fees, pursuant to 12 O.S.1991 § 1101. The offer of judgment was received by Plaintiff on June 14, 1993. Also on June 14, 1993, the trial court sustained Defendants' motions for summary judgment. The very next day, after having received notice that judgment had been rendered, Plaintiff attempted to accept Defendant Supermarket's offer of judgment by notifying Defendant Supermarket's attorneys and by filing an affidavit with the court. That same day, Defendant Supermarket attempted to withdraw its offer of judgment and subsequently objected to Plaintiff's acceptance of the offer of judgment. The trial court also filed its decision that same day and entered judgment granting both Defendant Supermarket's and the landlord/owner's motions for summary judgment. The trial court held that its decision to grant summary judgment caused Defendant Supermarket's offer of judgment to be withdrawn on June 14, 1993. Plaintiff now appeals the trial court's grant of summary judgment for Defendant Supermarket and its refusal to enter judgment on Plaintiff's acceptance of Defendant Supermarket's offer of judgment.

## I

## EFFECT OF WITHDRAWAL OF OFFER OF JUDGMENT

■ We consider first the issues surrounding the enforceability of Plaintiff's acceptance of Defendant Supermarket's offer of judgment. The facts of Plaintiff's acceptance are undisputed and the issue is one of law. The appellate court's role is to define the law, therefore, it independently reviews questions of law. *In re Estate of Crowl*, 737 P.2d 911, 914 (Okla.1987). Contested issues of law are reviewable in all actions, suits, and proceedings by a de novo standard. *Salve Regina College v. Russell*, 499 U.S. 225, 111 S.Ct. 1217, 113 L.Ed.2d 190 (1991). Review of law is called "de novo," which means no deference, not necessarily a full rehearing or new factfinding. *Bose Corp. v. Consumers Union of United States, Inc.*, 466 U.S. 485, 104 S.Ct. 1949, 80 L.Ed.2d 502 (1984).

■ Oklahoma's statute authorizing an offer to allow judgment to be taken is found at 12 O.S.1991 § 1101. It provides:

The defendant, in an action for the recovery of money only, may, at any time before the trial, serve upon the plaintiff or his attorney an offer, in writing, to allow judgment to be taken against him for the sum specified therein. If the plaintiff accept the offer and give notice thereof to the defendant or his attorney, within five days after the offer was served, the offer, and an affidavit that the notice of acceptance was delivered within the time limited, may be filed by the plaintiff, or the defendant may file the acceptance, with a copy of the offer, verified by affidavit; and in either case, the offer and acceptance shall be noted in the journal, and judgment shall be rendered accordingly. If the notice of acceptance be not given in the period limited, the offer shall be deemed withdrawn, and shall not be given in evidence or mentioned on the trial. If the plaintiff fails to obtain judgment for more than was offered by the defendant, he shall pay the

defendant's costs from the time of the offer.

The purpose of this statute is to encourage pre-trial settlement. Unlike a private settlement offer, an offer made under this statute can have the effect of shifting costs to a plaintiff. This cost-shifting provision provides an impetus for a plaintiff to consider seriously a defendant's offer, because a plaintiff cannot refuse the offer without risking responsibility for a defendant's costs.

Under section 1101, an offer of judgment must be accepted within five days of receipt by first delivering notice of acceptance to the defendant's attorneys and then by filing an affidavit of notice of acceptance with the trial court. In this case, Plaintiff received the offer of judgment on June 14, 1993, and complied with the section 1101 acceptance requirements on June 15, 1993, well within the five-day statutory period.

After receiving notice of the summary judgment from the trial court, Defendant Supermarket attempted to withdraw its offer of judgment by letter to the Plaintiff on June 15, 1993. The record does not reflect whether the attempted withdrawal occurred before the acceptance, but the relative timing of the withdrawal/acceptance does not become an issue unless it is first established that Defendant Supermarket had the right to withdraw its offer.

Oklahoma has not yet addressed the issue of whether an offer of judgment made pursuant to section 1101 can be withdrawn within the period granted by statute for the plaintiff's response. Other jurisdictions have, however, considered this issue. A majority of jurisdictions have held that offers of judgment, made pursuant to a statute that can shift costs to a plaintiff, are irrevocable during the time granted by statute for the plaintiff's response.[1]

In holding such offers irrevocable, some jurisdictions have taken a view of strict statutory construction. These courts reason that statutes which fail to expressly state that offers of judgment are revocable and also mandate entry of judgment on a plaintiff's acceptance should be construed strictly to mean that revocation by a defendant is not authorized. *See Centric–Jones Co. v. Hufnagel,* 848 P.2d 942, 946 (Colo.1993) ("there are no exceptions to the irrevocability of the offer of judgment ... it invokes a special statutory process spelled out in clear and unambiguous language which can and should be enforced without engrafting contract principles onto it"); *Hackett v. Edwards,* 22 Misc. 659, 49 N.Y.S. 609, 610 (N.Y.Sup.Ct.1898) (offers of judgment are authorized by statute "and it reserves no right of retraction to the defendant"); *cf. Dussault v. Seattle Pub. Schs.,* 69 Wash.App. 728, 850 P.2d 581, 584 (1993) (general contract principles do not apply to offers of judgment and counteroffers do not operate to reject offers of judgment).

Many other jurisdictions reach the conclusion that offers of judgment are irrevocable on grounds of an option-contract theory. The plaintiff's risk of liability for costs serves as consideration in support of an option contract. Under typical contract law construction, the plaintiff has then paid for the right to accept the offer throughout the entire option period. The offer of judgment cannot be revoked or rejected; rather, it terminates only by lapse of the prescribed option period, *i.e.,* the statutory period granted for plaintiff's response. *See Rules v. Sturm,* 661 P.2d 615, 618–19 (Alaska 1983) ("an offer for a period of time fixed by rule of law is comparable to an option for consideration ... [and]

1. A limited number of jurisdictions have reached the conclusion that offers of judgment are revocable. *See Everson v. Kapperman,* 343 N.W.2d 19 (Minn.1984). There the court held that an acceptance made two years after an offer of judgment was not valid because the offer had been revoked. But the court commented that the absence of a prescribed time limit for plaintiff's response in the Minnesota statute authorizing offers of judgment forced the court to hold that offers of judgment are revocable in order to avoid reaching the conclusion that such offers

can remain open indefinitely. *See also T.M. Cobb Co. v. Superior Court,* 36 Cal.3d 273, 204 Cal.Rptr. 143, 682 P.2d 338, 341 (1984) (holding that offers of judgment are governed by contract law principles and that, prior to acceptance by plaintiff, offers of judgment are revocable); *Sonnenburg v. Grohskopf,* 144 Wis.2d 62, 422 N.W.2d 925, 927 (Ct.App.1988) (in absence of express language dictating that offers of judgment are irrevocable, the court held that pre-trial settlement is best encouraged by permitting revocation before acceptance).

an offer of judgment ... is irrevocable for 10 days after it is served on the adverse party"); *Mubi v. Broomfield,* 108 Ariz. 39, 492 P.2d 700, 702 (1972) ("We are of the opinion that the Offer of Judgment ... is not subject to revocation since an irrevocable offer for a period of time fixed by rule of law constitutes an option for consideration...."); 12 C. Wright & A. Miller, *Federal Practice and Procedure* § 3004 (1973) (discussing the irrevocability of offers of judgment made pursuant to Fed.R.Civ.P. 68); *cf. Smith v. Kentucky State Fair Bd.,* 816 S.W.2d 911 (Ky.Ct. App.1991) (in conformance with interpretations of Fed.R.Civ.P. 68, offers of judgment are irrevocable).

We find the reasoning of courts adhering to the strict statutory construction view persuasive and, likewise, hold that an offer of judgment made pursuant to 12 O.S.1991 § 1101 may not be revoked by the defendant, on grounds that revocation is not authorized by the statute. Therefore, it is immaterial in the case at bar that Defendant Supermarket may have attempted to withdraw its offer prior to Plaintiff's acceptance, since a defendant may not revoke its offer at any time within the statutory period granted for a plaintiff's response.

## II

### EFFECT OF INTERVENING PRONOUNCEMENT OF JUDGMENT ON AN OFFER OF JUDGMENT

▬ In the present case, Plaintiff accepted Defendant Supermarket's offer of judgment after the trial court pronounced judgment for Defendant Supermarket. Though the acceptance was valid in form, the effect of the intervening pronouncement of judgment on the acceptance is unclear. Very few courts have had occasion to evaluate the effect of a pronouncement of judgment on a pending offer of judgment made pursuant to a statute. Indeed, this issue is one of first impression in Oklahoma.

In resolving this issue, we find the analysis of the Colorado Supreme Court in *Centric–Jones,* 848 P.2d at 946, most persuasive. This case construed a Colorado statute that was substantially the same in purpose and in

pertinent language as section 1101. The premise of the *Centric–Jones* case is that a statutory offer of judgment is "not a simple private offer of settlement ... [but is] a *special statutory process spelled out in clear and unambiguous language* which can and should be enforced without engrafting contract principles onto it." *Id.* (emphasis added).

Perhaps the most important feature that each statute has in common with the other is that *entry of a judgment* in accordance with the offer, following a timely acceptance, *is mandatory.* As *Centric–Jones* points out: "If there has been an acceptance within [the statutory] time, judgment automatically should be entered." *Id.* at 947. The express language of section 1101 can be given no other interpretation: if the plaintiff accepts the offer and gives notice to the defendant or his attorney, within five days after the offer was served, the offer and acceptance *shall be noted* in the journal, and *judgment shall be rendered accordingly.*

▬ Clearly, no discretion is reserved to the court to refuse, alter or modify such a judgment after acceptance and the mandatory effect of the statute also militates against allowing the court to thwart acceptance prior to the expiration of the statutory period. As the court in *Centric–Jones* points out, the statute is invoked by a party and, after invoked, operates outside the aegis of the court. Indeed, the court is assigned only two specific mandatory roles under the statute: (1) to assess costs if recovery is less than the offer, or (2) to enter judgment in accordance with the offer and acceptance.

To permit any action by the trial court—such as an intervening summary judgment—"to preempt the running of the [statutory acceptance] period would be completely contrary to the statute," because an "irrevocable and absolute" acceptance period provides "definitiveness and predictability" which the statute needs in order to function as an effective settlement tool. *Id.* at 948. The court's rationale for this conclusion under the facts of *Centric–Jones* is particularly instructive:

We find that the purpose of the statute is served by enforcing the judgment accep-

tance. The defendants ... certainly knew of the pending summary judgment motion when the offer of judgment was made. At that time, they could have chosen to make a private offer of settlement with a caveat as to the outcome of the summary judgment motion. They decided to tender an offer of judgment under the statute, however, which acted to bind [plaintiff] with respect to costs regardless of whether [plaintiff] accepted the offer. [Plaintiff], of course, had no control over [defendants'] decision to make an offer of judgment or the timing of that offer. [Defendants] should not be able to put [plaintiff] at risk without any risk to themselves. Here, [defendants] assumed the calculated risk that a favorable decision of the pending summary judgment motion might negate the need for settlement, and they lost their gamble.

*Id.*

We hold that an intervening judgment has no effect on a plaintiff's right to accept an offer of judgment pursuant to 12 O.S.1991 § 1101. With this holding, however, there is need to clarify the effect of a section 1101 offer of judgment on the power of the trial court to rule on pending matters such as a motion for summary judgment. The conflict in this regard can arise, because under section 1101, as in the case of the Colorado statute, "[t]he parties, not the court, are the players ... and the operation of the statute takes place largely outside the aegis of the trial court." *Id.* at 947. As the court in *Centric–Jones* observes: "Unless the offer is accepted or the amount recovered at trial is less than the offer, nothing is filed with the court concerning an offer of judgment." *Id.* The majority in *Centric–Jones* resolved this issue by simply holding that the acceptance period was "irrevocable and absolute" and an intervening summary judgment could not "preempt" the running of the acceptance period or the mandatory judgment that would arise upon acceptance.

We are convinced, however, that the concurring opinion of Justice Erickson addresses this issue more fully:

While the offer of judgment remains outstanding, the trial court is not stripped of the power to issue summary judgment ... or from issuing any other ruling affecting the rights of the parties. The statute provides no vehicle or requirement for notifying the trial court that an offer of judgment is outstanding, nor does it provide that the trial court lacks power to decide issues relating to the substantive rights of the parties while an offer is outstanding.

Any trial court ruling made during the period of time the offer is outstanding is effective and valid, subject only to a possibility that the ruling will be of no consequence if the offer of judgment is accepted.

*Id.* at 949 (Erickson, J., concurring). Justice Erickson treated the summary judgment that was entered during the statutory acceptance period as interlocutory until the end of the acceptance period and, as such, the summary judgment "remained open to modification, reconsideration or withdrawal." *Id.* at 950. Stated another way, the acceptance of the offer of judgment, along with its attendant mandatory judgment, displaces an intervening summary judgment, which remains interlocutory for the length of the acceptance period.

We recognize that some jurisdictions have held that "a trial court's decision on a motion for summary judgment prior to acceptance destroys the purposes for which the rule was designed" and have found that after a judgment is pronounced an "offer of judgment [is] ineffectual for any purpose." *Preuss v. Stevens*, 150 Ariz. 6, 721 P.2d 664, 665 (Ct. App.1986); *City of Largo v. Barker*, 538 So.2d 556, 557 (Fla.Dist.Ct.App.1989); cf. *Braham v. Carncross*, 514 So.2d 71, 73 (Fla. Dist.Ct.App.1987); *Corning v. Radley*, 25 Misc. 318, 54 N.Y.S. 565, 566 (City Ct.N.Y. 1898). However, for the reasons cited earlier, we hold that the section 1101 offer by Defendant Supermarket was not affected by the intervening judgment of the court, and that Plaintiff's acceptance was timely.

## CONCLUSION

We hold that Defendant Supermarket's offer of judgment was not revocable by Defen-

dant Supermarket and was not extinguished by the trial court's pronouncement of summary judgment. As Plaintiff's acceptance was timely, we vacate the summary judgment in favor of Defendant Supermarket and direct the trial court to enter the mandatory judgment as provided in section 1101.

REVERSED AND REMANDED WITH DIRECTIONS.

REIF, C.J., and RAPP, J., concur.