Carol ALLISON, an individual, d/b/a Best Budget Inn, and Dean Dillingham, an individual, d/b/a The Brass Apple, Appellees,

v.

CITY OF EL RENO, OKLAHOMA, Appellant.

No. 80330.

Court of Appeals of Oklahoma, Division No. 4.

Dec. 6, 1994.

Rehearing Denied Jan. 17, 1995.

Certiorari Dismissed as Untimely April 13, 1995.

**1134**

Sherry Blankenship, Ted Pool, Pool, Thompson, Blankenship & Vincent, Oklahoma City, for appellant.

Michael A. Taylor, Taylor, Moore & Plater, Oklahoma City, for appellees.

GOODMAN, Judge.

We affirm the trial court's order in this Governmental Tort Claims action granting the plaintiffs judgment for damages, attorney's fees, and costs against the defendant, City of El Reno, after the plaintiffs accepted the City's offer to allow judgment to be taken against it pursuant to 12 O.S.1991 § 1101.

We find there was no error in the trial court's finding that the City's offer to allow judgment to be taken against it in the amount of $15,000 to plaintiff Best Budget Inn and $10,000 to plaintiff Brass Apple, Inc., did not include attorney's fees and costs. We find that the plaintiffs are entitled to attorney's fees and costs as prevailing parties pursuant to 12 O.S.1991 § 940(A), which states:

> In any civil action to recover damages for the negligent or willful injury to property ... the prevailing party shall be allowed reasonable attorney's fees, court costs and interest....

## I

During a period of heavy rain on March 10, 1990, sewer pipes owned by the City of El Reno backed up, spilling raw sewage into the plaintiffs' hotel and restaurant, causing property damage. The City denied the plaintiffs' claims and the plaintiffs filed a petition for damages pursuant to the Governmental Tort Claims Act, 51 O.S.Supp.1990 §§ 151 through 172 (GTCA). They alleged that the City negligently failed to design, maintain, and operate the sewer system, and that such actions constituted a nuisance. Prior to trial, the City orally offered to settle both claims for the total sum of $25,000, inclusive of attorney's fees and costs. The plaintiffs declined, insisting the $25,000 offer should be exclusive of such fees and costs.

On the day of trial, the City submitted to the plaintiffs a final written offer which read:

### OFFER TO ALLOW JUDGMENT

COMES now the defendant, by and through its attorneys of record, and makes an offer to allow judgment pursuant to 12 O.S. § 1101. Defendant offers to allow judgment in favor of plaintiff, Best Budget

Inn, in the amount of $15,000.00. Defendant offers to allow judgment in favor of plaintiff, Brass Apple, Inc., in the amount of $10,000.00.

S/ [*attorneys for defendant City of El Reno* ]

The plaintiffs were advised by their attorney that a § 1101 offer, if refused, would subject them to the risk of paying attorney's fees to the City in the event the plaintiffs' recovery at trial was less than the City's written offer. After discussing the ramifications of a § 1101 offer with his clients, the plaintiffs' attorney went on the record before trial, orally accepted the offer, exactly as written, and filed a Notice of Acceptance the next day.

Thereafter, the plaintiffs, as prevailing parties, asked the court for an award of statutory attorney's fees, pursuant to 12 O.S. 1991 § 940(A).

The City then objected to the plaintiffs' acceptance of the § 1101 offer, claiming the offer was intended to be inclusive of fees and costs, and asked the court's permission to withdraw or modify the now-accepted offer. The trial court refused, stating it could not force the plaintiffs to "back out of the acceptance of that offer," and entered judgment according to the terms of the City's § 1101 offer.

At a later hearing, the trial court awarded attorney's fees and costs to the plaintiffs, and this appeal results.

## II

Several issues are raised in this appeal. First, did the offer to allow judgment to be taken, made by the City pursuant to 12 O.S.1991 § 1101, include attorney's fees and costs? Second, did the trial court commit error when it refused to let the City modify or revoke its written offer to allow judgment to be taken? Third, does the GTCA prohibit a plaintiff from receiving an attorney's fee? Fourth, are the plaintiffs entitled to an attorney's fee as prevailing parties under 12 O.S. 1991 § 940(A)?

### A.

#### *Did the City's Offer to Allow Judgment Include Attorney's Fees?*

■ As can be seen, the written offer was silent as to attorney's fees and costs. Thus, the simple and unambiguous language of the City's written offer clearly shows that attorney's fees and costs were not included within the proffered judgment. A judgment at common law never included attorney's fees and costs. *Oklahoma City Urban Renewal Auth. v. Lindauer*, 534 P.2d 682 (Okla.1975); *Hicks v. Lloyd's General Ins. Agency, Inc.*, 763 P.2d 85 (Okla.1988); *Kerr v. United Collection Serv.*, 267 P.2d 611 (Okla.1954). Those items are ancillary and of statutory origin. The City could have included a reference to the disputed issue of attorney's fees in its offer, but did not do so. Thus, there is no error in the trial court's order, which stated that the § 1101 offer did not include attorney's fees and costs.

### B.

#### *Did the Trial Court Err by Refusing to Revoke or Modify the § 1101 Offer?*

■ The "offer to allow judgment to be taken" contained in 12 O.S.1991 § 1101, is a unique creature of statute. The relevant provisions of this statute read as follows:

> The defendant ... may, at any time before the trial, serve upon the plaintiff ... an offer, in writing, to allow judgment to be taken against him for the sum specified therein. If the plaintiff accept [*sic* ] the offer and give notice thereof to the defendant ... within five days after the offer was served ... the offer and acceptance shall be noted in the journal, and *judgment shall be rendered accordingly.* If the notice of acceptance be not given in the period limited, the offer shall be deemed withdrawn.... If the plaintiff fails to obtain judgment for more than was offered by the defendant, he shall pay the defendant's costs from the time of the offer. (Emphasis added.)

As seen, a § 1101 offer to allow judgment remains irrevocable for five days and cannot be withdrawn, modified, or revoked by the offering party, or even the court. Once ac-

**1136**

cepted, the trial court shall enter judgment accordingly. This type of offer is exclusively of statutory origin, unknown to the common law.

In the case now before us, the plaintiffs accepted the City's offer before trial, and well within the five-day period. Thus, under the statutory mandate of § 1101, the court had no discretion other than to enter judgment. Moreover, given the clear imperative of the statute, the court had no discretionary inherent power which would allow it to withdraw or modify the offer.

Nevertheless, the City argues that its offer was intended to include attorney's fees, and any other interpretation is based on a mistake of fact necessitating revocation; that the plaintiffs' request for attorney's fees constituted a counter offer, which negated the original offer; and finally, that the court entered an invalid consent decree because the City did not consent to an attorney's fee award.

■ None of the City's arguments have merit. We note at the outset that these proposed errors are based on traditional contract principles of offer, counter offer, and revocation. Those concepts are inapplicable to a § 1101 offer. *Hernandez v. United Supermarkets of Oklahoma, Inc.*, 882 P.2d 84 (Okla.Ct.App.1994). A § 1101 offer terminates only upon two events: acceptance by the plaintiff, or expiration of five days.[1] There is no provision in the statute allowing revocation by the offering party, or counter offer by the plaintiffs. The plaintiffs are bound to accept or reject the offer exactly as tendered, which they did. Their request for attorney's fees came after they had accepted the offer and was made pursuant to the prevailing party statute.

The court's judgment was likewise not a consent decree. Section 1101 clearly requires the court to transform the tendered offer into a final judgment upon its acceptance by the plaintiffs. The City, by tendering the offer in the first place, was statutorily on notice that, if accepted, its § 1101 offer would become the basis for a judgment

against it. Further consent of the City was not required.

We last address the issue of mistake. Although the City's brief does not directly discuss the issue, it does argue that there was no meeting of the minds regarding whether or not its § 1101 offer was intended to include attorney's fees. The City seeks to invoke the doctrine of a mutual mistake of fact by claiming the plaintiffs knew the City's offer was not intended to include attorney's fees, and the plaintiffs are therefore prohibited from accepting the offer which mistakenly omits any mention of attorney's fees.

■ We cannot agree with this definition of mutual mistake of fact. A mistake of fact is one in which a party is ignorant or forgetful of a material fact, or believes in the existence of a thing material to the contract, which in fact does not exist. 15 O.S.1991 § 63. A mutual mistake of fact, therefore, requires both parties to labor under the same misconception as to the past or present existence of a fact material to the offer.

■ Here there was no mutual mistake. The plaintiffs had consistently taken the position during negotiations that a $25,000 offer which included attorney's fees was unacceptable. They were then presented with a written § 1101 offer moments before trial which did not include attorney's fees. They accepted. The only mistake made, if there was one, was a unilateral one by the City, which could have included within its offer clear language which would have shown that the offer was inclusive of attorney's fees. We are bound by the written terms of the offer when asked to interpret a document. Pre-contract negotiations and oral discussions are merged into, and are superseded by, the final written offer. *Mercury Inv. Co. v. F.W. Woolworth Co.*, 706 P.2d 523 (Okla. 1985).

**C.**

*Does The GTCA Prohibit The Award of Attorney's Fees Against The City?*

■ Defendant City contends the GTCA prohibits the plaintiffs from obtaining an

---

**1.** We do not address intervening judgments, because that is not an issue herein. Though that question was ostensibly answered by *Hernandez,*

the concurring judge does not agree with that holding of *Hernandez.*

award of attorney's fees and costs against a municipality. In a matter of first impression, we hold the GTCA does not prohibit an award of attorney's fees and costs to a successful private party against a municipality, provided such an award of fees is otherwise statutorily authorized.

The supreme court's recent pronouncement in *Rout v. Crescent Public Works Authority*, 878 P.2d 1045 (Okla.1994), deals with the basic issue of whether the GTCA prohibits an attorney's fee award. In *Rout*, a private individual sued the governmental entity (the Authority) for property damage. The Authority prevailed on its motion for summary judgment, and requested attorney's fees as the prevailing party against the plaintiff, pursuant to 12 O.S.1991 § 940(A). The supreme court held that such an award of statutory fees was not prohibited by the GTCA, and affirmed the award.

*Rout* answers the question whether a governmental entity can collect attorney's fees against a private individual. It leaves open the issue of whether a private party can collect attorney's fees from a governmental agency, saying, "[t]here is nothing in the Act which suggests that had [the plaintiff] prevailed ... [he] would not have been able to collect attorney's fees and costs from [the defendant]." *Rout*, 878 P.2d at 1050.

The case at bar frames the precise issue raised, but left unanswered, in *Rout*. In this case it is the private party plaintiffs who succeeded against the governmental entity. While *Rout* left the issue unresolved, the analysis and reasoning in that case leads us to the conclusion that a private party plaintiff who succeeds against a governmental entity is entitled to an attorney's fee under § 164 of the GTCA.

Section 153(B) of the GTCA establishes the exclusive scope of the City's liability for damages. That liability, however, is further governed by § 164 of the Act which reads as follows:

> The laws and statutes of the State of Oklahoma and the Rules of Civil Procedure, as promulgated and adopted by the Supreme Court of Oklahoma insofar as

applicable and *to the extent that such rules are not inconsistent with the provisions of this act, shall apply to and govern all actions* brought under the provisions of this act. (Emphasis added.)

Damages at common law have never included interest, fees and costs. Moreover, there was no right to attorney's fees at common law, so any award thereof must be of statutory origin. *Oklahoma City Urban Renewal Auth. v. Lindauer*, 534 P.2d 682 (Okla. 1975). Our analysis inevitably leads us to the conclusion that those statutory remedies which are not specifically prohibited by the GTCA remain available, and therefore the City can be assessed with those statutory items of recovery, such as attorney's fees, that are not traditionally considered damages, if the prevailing party is otherwise so entitled.

## D.

### *Are the Plaintiffs Entitled To Fees and Costs As Prevailing Parties?*

■ The trial court found the plaintiffs were prevailing parties, and were thus entitled to fees under 12 O.S.1991 § 940(A). We agree. Section 940(A) entitles a prevailing party to an attorney's fee, if the damages are a result of "negligent ... injury to property." Here, the plaintiffs sued for damages based upon the City's negligent acts and creation of a nuisance. As a result of their acceptance of the § 1101 offer, the plaintiffs automatically became prevailing parties on their claims of property damage. It was unnecessary for the trial court to make any findings as to which of the plaintiffs' theories supported their successful damage claims. *Fleet v. Sanguine, Ltd.*, 854 P.2d 892 (Okla.1993), holds that a § 1101 offer, once accepted, extinguishes the entire cause of action, leaving only a pure, distilled judgment in its place. That judgment, in turn, makes the plaintiffs the prevailing parties on their property damage claims. As prevailing parties, they are entitled to an award of attorney's fees, costs, and interest under 12 O.S.1991 § 940(A).[2]

---

**2.** The trial court did not award interest, and

neither party has raised this element of recovery

## III

In summary, we affirm the trial court's order granting attorney's fees and costs pursuant to 12 O.S.1991 § 940(A), against a governmental entity sued for property damage pursuant to the Governmental Tort Claims Act, wherein the private plaintiffs became the prevailing parties upon acceptance of the defendant City's offer of settlement pursuant to 12 O.S.1991 § 1101, which offer did not include attorney's fees.

STUBBLEFIELD, J., concurs.

TAYLOR, P.J., dissents.

TAYLOR, Presiding Judge, dissenting.

In this case, negotiations for settlement had been going on for months. Counsel for plaintiffs does not dispute the City's declaration that all prior negotiations had been for a sum certain inclusive of all damages, costs, and attorney's fees. Thirty minutes before the case was to come on for non-jury trial, plaintiffs were presented with a written, section 1101 offer to allow judgment to be taken in plaintiffs' favor, in the total amount of $25,000.

As the case was called for trial, counsel and the court engaged in a conversation in which the terms of the settlement were discussed on the record. When plaintiffs' counsel indicated his clients would apply for costs and attorney's fees in addition to the sum recited in the offer, the City protested on grounds that the negotiations had always been for an all-inclusive amount, and that counsel for plaintiffs and for the City understood the offer to be all-inclusive. The City objected and requested permission to withdraw or revoke the offer. The trial court denied the request.

I disagree with the majority's interpretation of legislative intent underlying section 1101 as precluding withdrawal, modification, or revocation of an offer to allow judgment under any and all circumstances. Courts have a duty to render interpretations of laws as will best serve the ends of justice. It should not be presumed to have been within the legislature's intent to enact a law having an unjust result.

The interpretation of section 1101 offered by the majority would preclude withdrawal of an offer containing a misplaced decimal point. That interpretation would also allow a party who receives an offer the day before trial, then loses at trial, to nonetheless accept the offer before the expiration of five days. Further, it would allow one who receives an offer two days before trial to accept the offer two days into a trial that is not going as well as expected. Such results clearly could not have been intended by the legislature in drafting section 1101, but the majority's interpretation of the statute in today's opinion would appear to condone just such results.

In construing a statute, courts generally may not read into the statute that which is not within the manifest intention of the legislature as gathered from the act itself, and a statute should not be construed any more broadly or given any greater effect than its terms require. *Huffman v. Oklahoma Coca-Cola Bottling Co.*, 281 P.2d 436 (Okla.1955). In section 1101, there is an absence of any language which dictates that offers to allow judgment are irrevocable. Here, the facts show that a fair and just result would have been served by allowing revocation of the offer to allow judgment. The failure of the legislature to include a specific provision should not open the door for one litigant to take unfair technical advantage of an opponent who is attempting to utilize the benefit of the statute in the manner in which it was intended.

I would hold that the trial court abused its discretion. Under these facts, I believe the trial court should have allowed the City to withdraw the offer, declared the offer a nullity for all purposes, and then proceeded with the non-jury trial. Neither party would have been prejudiced. Under these circumstances, I would reverse and remand.

as an issue on appeal; therefore, that portion of § 940(A) is not before us.