[No. 35274-1-I.   Division One.   May 6, 1996.]

LARRY BRADER, ET AL., *Respondents*, v. MINUTE MUFFLER INSTALLATION, LTD., *Appellant*.

*John R. Christiansen* and *Weiss, Jensen, Ellis & Howard*, for appellant.

*Randall P. Beighle, Michael B. King, Ellen M. Davis*, and *Lane Powell Spears Lubersky*, for respondents.

BAKER, C.J. — Minute Muffler Installation, Ltd. appeals the trial court's award of attorney fees and costs to Larry and Patricia Brader (Brader) for its violations of the Franchise Investment Protection Act (FIPA). Minute Muffler argues that the Braders owed it attorney fees and costs for their failure to accept an offer of judgment greater than the amount they later recovered at trial. The Braders cross appeal the trial court's exclusion of their business operating losses as part of the rescission remedy provided under FIPA. Each party also requests attorney fees on appeal under various theories.

We hold that the offer of judgment was untimely, that the Braders failed to properly prove their business losses, and that neither party is entitled to appellate attorney fees.

## FACTS

The Braders sued Minute Muffler for FIPA violations including failure to register and to distribute required pre-sale information. The trial court granted summary judgment finding Minute Muffler liable, and set the trial to determine damages for April 25, 1994. On April 15 Minute Muffler presented an offer of judgment for $50,000 to Brader. The offer was made exactly 10 days before the scheduled trial date. Brader declined the offer but recov-

ered a lesser amount at trial. On the date set for trial, the parties were assigned to a courtroom. They submitted written motions and discussed the case with the judge, but argument, rulings and opening statements were not made until the next day. Minute Muffler moved for attorney fees and costs under CR 68, but the trial court ruled the offer of judgment untimely, denied the motion, and awarded fees and costs to Brader. The court further awarded rescission and restitution to Brader but determined that its negligent business practices precluded a recovery of business losses.

## I

Minute Muffler argues that the trial court erred in denying its motion for attorney fees and costs under CR 68, the offer of judgment rule. CR 68, which is patterned after the federal rule, provides this tool to encourage settlement before trial. If the plaintiff rejects the offer and recovers less than the amount of the offer at trial, it is liable for the defendant's costs, including attorney fees. Offers of judgment must be made more than 10 days "before trial begins."[1]

Minute Muffler argues that its offer was valid because trial actually began on April 26 with the commencement of formal proceedings. When a trial "begins" under CR 68 is a question of first impression in Washington. Minute Muffler presents several cases construing analogous civil rules from other jurisdictions for the proposition that trial begins with the arguments and presentation of evidence. Its first line of authority flows from *Cover v. Chicago Eye Shield Co.*,[2] where the Seventh Circuit of the United States Court of Appeals found offers of judgment to be timely if made more than 10 days before the beginning of the

[1]CR 68.

[2]136 F.2d 374 (7th Cir.), *cert. denied*, 320 U.S. 749 (1943).

second stage of a bifurcated trial.[3] The second line of authority stems from *Greenwood v. Stevenson,*[4] where the United States District Court for Rhode Island held that for purposes of FRCP 68, a trial does not begin with jury selection but rather when the court calls the proceedings to order and hears argument and the presentation of evidence.[5] The procedure followed in *Greenwood,* however, involved the impaneling of a jury weeks or even months prior to the remainder of the trial.

Unlike the *Cover* and *Greenwood* cases, this case does not involve distinct stages of trial that are separated by substantial time periods of over ten days. Minute Muffler's interpretation would make any untimely offer of judgment potentially valid and therefore inject substantial uncertainty into pretrial proceedings. Its approach would also encourage defendants who present untimely offers of judgment to waste the resources of the plaintiff and the court by delaying the start of formal proceedings in order to breathe viability into the offer. As we have held in other circumstances, the policy favoring fair settlements under CR 68 is promoted by certainty and the elimination of unintended results.[6] Accordingly, we hold that once the court calls a case to order on the scheduled day of trial and instigates a continuous, unbroken train of proceedings, trial has begun for the purposes of CR 68.[7] Because we hold that Minute Muffler's offer of judgment was not

---

[3]*See Cover,* 136 F.2d at 374-75. *See also Allianz Ins. Co. v. Gagnon,* 109 Nev. 990, 860 P.2d 720, 723 (1993); *Glende Motor Co. v. Superior Court,* 159 Cal. App. 3d 389, 205 Cal. Rptr. 682, 683 (1984), *overruled on other grounds by Poster v. Southern Cal. Rapid Transit Dist.,* 52 Cal. 3d 266, 801 P.2d 1072, 276 Cal. Rptr. 321, 323-24 (1990).

[4]88 F.R.D. 225 (D. R.I. 1980).

[5]*Greenwood,* 88 F.R.D. at 228. *See also Schwartz v. Greenspun,* 110 Nev. 1042, 881 P.2d 638, 641-42 (1994).

[6]*Hodge,* 65 Wn. App. at 584 (holding that an offer of judgment should specify that costs include attorney fees).

[7]We note that our holding does not conflict with *Dussault v. Seattle Pub. Sch.,* 69 Wn. App. 728, 734 n.4, 850 P.2d 581 (1993), *review denied,* 123 Wn.2d 1005 (1994). The *Dussault* court noted that a timely offer of judgment was properly accepted by the plaintiff where operation of the CR 6 counting rule

timely, we need not address Brader's argument that the offer contained invalid language.

## II

Brader operated a full service auto repair business, one portion of which was the muffler repair franchise. As part of the rescission remedy provided for violations of FIPA,[8] the trial court ordered Minute Muffler to refund Brader's franchise fees and expenses and a portion of its expenditures for repairs, remodeling, and equipment needed to open the shop. The trial court refused, however, to award Brader damages for business losses caused by its own negligence. Brader argues on cross appeal that the court erred because business losses are encompassed by the rescission remedy, which requires no proof of causation. He contends that because the rescission remedy purports to place each party in the position it occupied before the contract,[9] he must receive compensation for damages incurred during the contract's execution. We disagree.

Examination of this issue is aided by consideration of the purposes behind the remedy of rescission and restitution. While rescission aims to restore the parties to their original positions, that goal should not always be taken literally. The major underlying objective of restitution is to prevent unjust enrichment to either party.[10] Therefore, a party is entitled to restitution only to the extent that he or she has conferred a benefit to the other party through performance or reliance.[11] This rule applies even where, as here, the defendant violates a statute

caused the last day of the acceptance period to fall on the first day of trial. This conclusion is actually dictum, and does not otherwise stand for the proposition that an offer of judgment may remain open after trial has begun.

[8] RCW 19.100.190(2).

[9] *Hackney v. Sunset Beach Invs.*, 31 Wn. App. 596, 601, 644 P.2d 138 (1982); CORBIN ON CONTRACTS § 996 (1964).

[10] CORBIN ON CONTRACTS § 1107; RESTATEMENT (SECOND) OF CONTRACTS § 344(D) (1981).

[11] RESTATEMENT (SECOND) OF CONTRACTS § 370.

protecting a class to which the plaintiff belongs, making the contract unenforceable as against public policy.[12] Consequently, although Brader seeks restitution based on an illegal contract and is less culpable than Minute Muffler, his business losses did not benefit Minute Muffler and cannot be remedied with restitution. An exception may exist where fraud is involved, but the trial court made no such finding regarding Minute Muffler's conduct.

Brader cites only one case purporting to award damages for business losses under a rescission theory. That case was unpublished and has no precedential value.[13] The remainder of Brader's authorities involve traditional restitution of value received by the defendant, or do not support the propositions for which they are cited.[14] Accordingly, we hold that damages for business losses are not normally recoverable as part of a rescission remedy. We note that business losses might otherwise be recoverable as consequential damages under the "other relief" provision of RCW 19.100.190(2). We need not reach that issue in the present case, however, as Brader failed to provide evidence distinguishing between damages incurred by the franchise portion of the business and those incurred by the nonfranchise portion.

### III

We award Brader its attorney fees incurred in its defense of Minute Muffler's appeal under the FIPA attorney fee provision.

---

[12]*See* RESTATEMENT (SECOND) OF CONTRACTS § 198 cmt. (a) (incorporating the rule of § 370).

[13]*See Young v. T-Shirts Plus*, 118 Wis. 2d 824, 349 N.W.2d 109 (1984).

[14]*See, e.g., Hiltpold v. T- Shirts Plus, Inc.*, 98 Wis. 2d 711, 298 N.W.2d 217, 219-20 (1980) (holding that a contract void as against public policy does not permit rescission to the defendant); *Dollar Systems, Inc. v. Avcar Leasing Sys., Inc.*, 890 F.2d 165, 173 (9th Cir. 1989) (holding that the unclean hands doctrine does not apply to a simple breach of contract); Donald S. Chisum, *State Regulation of Franchising*, 48 WASH. L. REV. 385-86 (1973) (recommending that courts award both restitution and consequential damages where appropriate).

Minute Muffler also requests attorney fees for its successful defense of Brader's cross appeal. We decline to address Minute Muffler's request because it has failed to meet the requirements of RAP 18.1(b). That rule provides that any request for attorney fees on appeal must be contained in a separate section of the party's brief. We find no such argument or section in Minute Muffler's response to the cross appeal.

Affirmed.

KENNEDY and AGID, JJ., concur.

Review denied at 131 Wn.2d 1013 (1997).