PER curiam;.
Larry O’Brien, the plaintiff in a personal injury ease, appeals from the denial of his motions to enforce the acceptance of an offer of judgment and for a new trial. We affirm.
Immediately following a defense verdict for Sheila Russell, O’Brien formally accepted Russell’s offer of judgment made twelve days before trial. O’Brien contends that section 768.79, Florida Statutes (1993), allows him a full thirty days to accept such an offer, trial notwithstanding. We reject such an interpretation. See Hanzelik v. Grottoli & Hudon Inv. of Am., Inc., 687 So.2d 1363, 1366 (Fla. 4th DCA) (noting that statutes are not to be interpreted “so as to yield an absurd result” and that a party cannot accept an offer of judgment once the trial has commenced), review denied, 697 So.2d 510 (Fla.1997); Braham v. Camcross, 514 So.2d 71, 73 (Fla. 2d DCA 1987) (explaining that to allow a party to accept an offer “contrary to the verdict rendered by the jury would totally defeat the ends of justice and allow a mockery of the judicial system”).
O’Brien’s other issue, that the verdict was against the manifest weight of the evidence, is without merit. See Liriano v. Gonzalez, 605 So.2d 575, 576 (Fla. 3d DCA 1992) (“[Affirmative testimony regarding a mechanical failure will serve to rebut the negligence presumption.”).
Affirmed.