2000 OK CIV APP 51

**Dora Carlene TUCKER, Special Personal Representative of the Estate of Marion E. Tucker, Plaintiff/Appellant**

v.

**BENEVOLENT AND PROTECTIVE ORDER OF ELKS LODGE # 417, an Oklahoma Non–Profit Corporation, Defendant/Appellee**

No. 92,508.

Court of Civil Appeals of Oklahoma, Division No. 1.

April 14, 2000.

Bradley K. Donnell, Burton J. Johnson, Looney, Nichols & Johnson, Oklahoma City, Oklahoma, For Plaintiff/Appellant.

Hugh A. Baysinger, Rachel K. Jackson, Pierce, Couch, Hendrickson, Baysinger & Green, L.L.P., Oklahoma City, Oklahoma, For Defendant/Appellee.

BUETTNER, J.

■ ¶ 1  Plaintiff/Appellant Dora Carlene Tucker appeals from the trial court's order denying Tucker's Motion to Enforce Offer to Confess Judgment.  Tucker's husband, Marion E. Tucker, sued Defendant/Appellee Benevolent and Protective Order of Elks Lodge #417 (Elks Lodge) alleging negligence resulting in a slip and fall accident. After Tucker's husband's death (unrelated to the injuries which were the subject of the instant suit), Tucker succeeded him as plaintiff in her capacity as special personal representative.  On Thursday before a Monday trial, Elks Lodge served Tucker an offer to confess judgment.[1] The record indicates Tucker rejected the offer and counter-offered on Friday before the Monday trial.  The counteroffer was rejected.  Trial proceeded on Monday, and the jury rendered its verdict in favor of Elks Lodge on Wednesday morning. Later that day, and within the statutory five day acceptance period for offers of judgment,[2] Tucker filed an acceptance of Elks

---

1. We will assume, without deciding, that transmitting the offer of judgment by facsimile after 5:00 p.m. constitutes service under 12 O.S.1991 § 2005.  The question in this case would be whether transmitting by facsimile is the equivalent of "Leaving it at his [attorney's] office with his clerk or other person in charge thereof."  See § 2005(B)(2).  While Tucker argues that her at-torney's office closed at 5:00 p.m., there was no evidence that there was no clerk or person in charge of the office present when the offer of judgment was received.

2. The parties dispute whether 12 O.S.1991 § 2006 applies to extend the five day period by not counting intervening Saturdays, Sundays,

Lodge's offer of judgment. Elks Lodge objected to the acceptance, and the trial court entered judgment on the jury verdict. Tucker then filed her Motion to Enforce Offer to Confess Judgment. The trial court held that the offer of judgment terminated 1 on Tucker's rejection and counteroffer prior to trial; 2) upon commencement of trial; 3) upon submission of the case to the jury; or 4) upon the court's acceptance of the jury verdict. It is from this order which Tucker appeals. We hold that an offer of judgment terminates at the start of trial, and affirm the order.

¶ 2 Trial in the instant case was scheduled for Monday, October 19, 1998. The Thursday evening prior to trial, October 15, 1998, Elks Lodge faxed to counsel for Tucker an offer of judgment in the amount of $25,001. The evidence indicates that Tucker responded with a demand of $50,000. The counteroffer was rejected. Trial began October 19, 1998 and concluded Wednesday, October 21, 1998 with a jury verdict in favor of Elks Lodge. After the jury's verdict was announced, Tucker filed an acceptance of the offer of judgment with the Oklahoma County District Court Clerk. When Elks Lodge rejected the acceptance of the offer of judgment, Tucker filed her Motion to Enforce the Offer to Confess Judgment which was denied by the trial court.

¶ 3 We first note that Elks Lodge seeks to have the instant appeal dismissed as untimely. The journal entry of judgment on the jury verdict was filed October 21, 1998. The order denying the Motion to Enforce Offer to Confess Judgment was filed December 30, 1998. Tucker filed her petition in error January 25, 1999. A petition in error must be filed "within thirty days from the date the judgment, decree, or appealable order" is filed with the clerk of the district court. Rule 1.21(a), Supreme Court Rules, 12 O.S.Supp.1997 Ch. 15, App. Elks Lodge asserts that Tucker filed her petition in error more than thirty days following the entry of judgment on the jury verdict. However, Tucker is appealing not the jury verdict, but the order denying her Motion to Enforce Offer to Confess Judgment. "A final order is an order affecting a substantial right in an action ... made in a special proceeding or upon a summary application in an action after judgment." Rule 1.20(b), Supreme Court Rules, 12 O.S.Supp.1997 Ch. 15, App. A final order includes an order disposing of a motion to vacate a judgment. In essence, Tucker's Motion to Enforce Offer to Confess Judgment amounted to a motion to vacate the judgment entered on the jury verdict and grant judgment based on the offer of judgment. We therefore hold that the order denying Tucker's motion is a final appealable order and accordingly, this appeal is timely because it was filed within thirty days of the order denying Tucker's motion.

¶ 4 On appeal, Tucker argues that the trial court erred in denying her motion because, she asserts, an offer of judgment made pursuant to 12 O.S.1991 § 1101, is irrevocable and may only be terminated by the expiration of the five day statutory period or by acceptance by the plaintiff. The instant dispute involves a question of law and is therefore subject to *de novo* review. *Hernandez v. United Supermarkets of Oklahoma, Inc.*, 1994 OK CIV APP 122, 882 P.2d 84.

¶ 5 Section 1101 provides:

The defendant, in an action for the recovery of money only, may, at any time before the trial, serve upon the plaintiff or his attorney an offer, in writing, to allow judgment to be taken against him for the sum specified therein. If the plaintiff accept the offer and give notice thereof to the defendant or his attorney, within five days after the offer was served, the offer, and an affidavit that the notice of acceptance was delivered within the time limited, may be filed by the plaintiff, or the defendant may file the acceptance, with a copy of the offer, verified by affidavit; and in either case, the offer and acceptance shall be noted in the journal, and judgment shall be

---

and holidays. Because we see no good reason to create an exception as to how days are counted in accordance with § 2006 ("In computing any period of time prescribed or allowed by this title ...."), we hold that the five days allowed in § 1101 should be counted as prescribed in § 2006.

rendered accordingly. If the notice of acceptance be not given in the period limited, the offer shall be deemed withdrawn, and shall not be given in evidence or mentioned on the trial. If the plaintiff fails to obtain judgment for more than was offered by the defendant, he shall pay the defendant's costs from the time of the offer.

In *Allison v. City of El Reno,* 1994 OK CIV APP 170, 894 P.2d 1133, the court held as follows: "A § 1101 offer terminates only upon two events: acceptance by the plaintiff, or expiration of five days." However, the court specifically declined to consider the effect of intervening judgments, stating that the single concurring judge disagreed with *Hernandez,* supra (which held that summary judgment granted during the statutory acceptance period did not terminate an offer of judgment). In *Allison,* defendant presented plaintiff with a § 1101 offer moments before trial. Plaintiff accepted the offer. Afterward, plaintiff moved for attorneys fees as prevailing party. Defendant objected and requested the trial court for permission to modify the offer to include attorneys fees. The appellate court held that a party could not modify or revoke an accepted offer. In dissent, Judge Taylor foreshadowed the issue before us:

> "The interpretation of § 1101 offered by the majority would preclude withdrawal of an offer containing a misplaced decimal point. That interpretation would also allow a party who receives an offer the day before trial, then loses at trial, to nonetheless accept the offer before the expiration of five days. Further, it would allow one who receives an offer two days before trial to accept the offer two days into a trial that is not going as well as expected. Such results clearly could not have been intended by the legislature in drafting § 1101, but the majority's interpretation of the statute in today's opinion would appear to condone just such results. 894 P.2d at 1138.

¶ 6 Thus, the question here is to decide whether a third event, the commencement of trial, operates to terminate or revoke an offer of judgment.[3] In support of her contention that an offer to confess judgment is irrevocable during the five day acceptance period, Tucker relies on *Hernandez,* supra. In *Hernandez,* the plaintiff filed a negligence action following a slip and fall. The defendant filed a motion for summary judgment and, while the motion was pending, the defendant submitted to the plaintiff an offer of judgment pursuant to § 1101. The trial court issued its order granting summary judgment to the defendant within the five day acceptance period for the offer of judgment. The plaintiff then filed her acceptance of the offer of judgment within the five day period, but after summary judgment had been granted to the defendant. The trial court held that the grant of summary judgment caused the offer of judgment to be withdrawn. The trial court accordingly refused to enter judgment in favor of the plaintiff as provided for in § 1101.

¶ 7 This court reversed, finding that the purpose of §1101 is to encourage pretrial settlement. The *Hernandez* court further determined that offers of judgment are irrevocable during the statutory period because the statute does not provide for revocation of an offer. The court further held that the statute requires entry of judgment for the plaintiff upon acceptance of the offer within the five day period. In deciding what effect the interviewing grant of summary judgment had, the court, relying primarily on *Centric-Jones Co. v. Hufnagel,* 848 P.2d 942 (Colo. 1993), held that an interviewing judgment has no effect on a pending offer of judgment. The court quoted the following from a concurring opinion in *Centric-Jones:*

> While the offer of judgment remains outstanding, the trial court is not stripped of the power to issue summary judgment ...

3. We note that Federal Rule of Civil Procedure 68 resolves this issue by requiring offers of judgment to be made more than 10 days before trial, then allowing 10 days to accept the offer. Title 12 O.S.1995 § 1101.1 also includes a provision for offers of judgment to be made more than 10 days before trial with a 10 day response time.

However, because § 1101.1 specifically allows for counter-offers, with a concomitant 10 day response time, the counteroffer procedure may impinge a trial date. We read these provisions to express the purpose of offers of judgment statutes and rules to encourage settlements and avoid trials.

or from issuing any other ruling affecting the rights of the parties. The statute provides no vehicle or requirement for notifying the trial court that an offer of judgment is outstanding, nor does it provide that the trial court lacks power to decide issues relating to the substantive rights of the parties while an offer is outstanding.

Any trial court ruling made during the period of time the offer is outstanding is effective and valid, subject only to a possibility that the ruling will be of no consequence if the offer of judgment is accepted. *Id.* at 949. The court held that a grant of summary judgment remains interlocutory during the statutory acceptance period for an offer of judgment. The court noted that other jurisdictions have held that a grant of summary judgment makes a later acceptance of an offer of judgment ineffectual, but this court concluded that the offer to confess judgment "was not affected by the intervening judgment of the court, . . ."

¶ 8 Tucker also relies on *Allison,* supra. In *Allison,* the city made an oral offer to settle the case for $25,000, inclusive of attorney fees and costs. The plaintiffs rejected the offer based on their contention that the $25,000 should be exclusive of attorney fees and costs. On the day of trial, the city submitted a written offer of judgment for $15,000, with no mention of attorney fees. The plaintiffs accepted the offer and trial was not held. The plaintiffs then sought prevailing party attorney fees and the city objected to the acceptance of the offer, contending that it included attorney fees. The trial court refused to allow the city to withdraw or modify the offer of judgment and the city appealed. This court held that an offer of judgment made pursuant to § 1101 is irrevocable during the five day acceptance period and during that time may not be withdrawn, modified or revoked by a party or the court. This court noted that traditional contract principles of offer, counteroffer and revocation are inapplicable to § 1101 offers of judgment, so that the plaintiff's counteroffer did not affect the city's offer during the five day acceptance period. This court affirmed the trial court's decision based in part on the holding in *Hernandez,* that offers of judgment are irrevocable during the statutory five day period.

¶ 9 Tucker also relies on *Perkins v. U.S. West Communications,* 138 F.3d 336 (8th Cir.1998). *Perkins,* like *Hernandez,* involved an offer of judgment followed by a grant of summary judgment during the acceptance period and then a later, timely acceptance of the offer. In *Perkins,* the offer was made pursuant to Rule 68 of the Federal Rules of Civil Procedure. That rule provides that more than ten days before the start of trial, an offer of judgment may be made, at which time the plaintiff has ten days in which to accept the offer. See note 3, supra. The Eighth Circuit Court of Appeals held that the district court has no discretion under the rule to do anything but enter judgment for the plaintiff when an offer has been accepted within the statutory period. As in *Hernandez,* the court held that an offer of judgment remains open for the statutory period regardless of whether summary judgment has been entered during that time.

¶ 10 Tucker relies on these cases for her position that the offer of judgment made by Elks Lodge was irrevocable during the five day period, and that the intervening trial and jury verdict did not impact the acceptance period. However, the key distinction between the cases Tucker relies on, and the instant case, is that *Hernandez* and *Perkins,* involved summary judgment, and in *Allison,* the offer of judgment was accepted and there was no trial.[4] Further, the *Perkins* court distinguished cases involving summary judgment, which is necessarily granted before trial, from cases in which

> offers of judgment were determined by the courts to be unenforceable under Rule 68 or its state equivalent as a result of the start or conclusion of trial, . . . . See *Stoebe v. Merastar Ins. Co.,* 554 N.W.2d 733, 736 (Minn.1996) (refusing to enforce offer of settlement not accepted prior to trial); *Larson v. A.T.S.I.,* 859 P.2d 273, 274–75 (Colo.App.1993) (refusing to apply *Centric–Jones* to allow plaintiff to accept

---

**4.** But see *Preuss v. Stevens,* 150 Ariz. 6, 721 P.2d 664, 665 (Ariz.App.1986) (offer of judgment is ineffectual for any purpose after district court has ruled on motion for summary judgments).

offer after entry of jury verdict); *Hanzelik v. Grottoli and Hudon Inv. Of America, Inc.*, 687 So.2d 1363, 1366 (Fla.App.1997) (holding party may not accept offer of judgment after trial has commenced); *O'Brien v. Russell*, 698 So.2d 642, 643 (Fla. App.1997) (rejecting plaintiff's attempt to accept offer of judgment after trial); *Braham v. Carncross*, 514 So.2d 71, 73 (Fla. App.1987) (refusing to allow acceptance of offer after jury verdict rendered).

*Perkins* at 339. We agree that this an important distinction. In *Stoebe*, the court held that an offer of judgment loses viability upon the commencement of trial, whether or not the statutory acceptance period has expired. 554 N.W.2d at 736. In *Larson*, the Colorado Court of Appeals determined that, to allow acceptance of an offer of judgment after a jury verdict in favor of the defendant would not support the purpose of the offer of judgment rule which is to encourage pre-trial settlement. 859 P.2d at 275. In *O'Brien*, the state statute afforded thirty days in which to accept offers of judgment. As in the instant case, the plaintiff in *O'Brien* attempted to accept a judgment offer within the statutory time period, but after a jury verdict in favor of the defendants. In rejecting the plaintiff's attempted acceptance, the Florida Court of Appeals noted that statutes are not to be interpreted so as to yield an absurd result and cited *Braham*, supra, for the holding that to allow a party to accept an offer contrary to the jury's verdict "would totally defeat the ends of justice." 698 So.2d at 643. Also see *Brader v. Minute Muffler*, 81 Wash.App. 532, 914 P.2d 1220 (Wash.App. 1996) (offer cannot remain open after trial has begun).

¶ 11 We agree that the purpose of the statute, to encourage pre-trial settlement, would not be served by allowing plaintiffs to accept an offer of judgment after a jury verdict has been rendered. We accordingly affirm the trial court's determination, and hold that an offer of judgment under § 1101 terminates upon the commencement of trial. We note, without deciding, that other courts have determined that where offers of judgment are terminated because a trial begins before the statutory response time expires (here five days), that the resulting judgment may not be used to shift costs and attorneys fees to the offeror under the statute or rule. See *Stoebe v. Merastar Ins. Co.*, 554 N.W.2d 733 (Minn.1996); *Hudon Investment*, 687 So.2d 1363 (Fla.App.1997), rev. denied. 697 So.2d 510 (Fla.1997).

AFFIRMED.

¶ 12 JONES, P.J., concurs.

¶ 13 GARRETT, J., specially concurring.

GARRETT, J., specially concurring:

¶ 1 I concur. In my view, any other result in this case would be absurd.

¶ 2 However, I feel that I should say that I disagree with the decisions of other divisions of this court in *Hernandez v. United Supermarkets of Oklahoma, Inc.*, 1994 OK CIV APP 122, 882 P.2d 84, and *Allison v. City of El Reno*, 1994 OK CIV APP 170, 894 P.2d 1133. I agree with the dissenting opinion of Judge Taylor in *Allison.*

¶ 3 Also, I would hold that an offer to confess judgment is terminated when the other party rejects it. This court should not attempt to legislate an enlargement of matters covered by the statute by issuing a Judicial Decree.