1998 OK CIV APP 46

**DEPARTMENT OF HUMAN SERVICES and the State Insurance Fund, Petitioners,**

v.

**Theodore ROGERS and The Worker's Compensation Court, Respondents.**

**No. 90133.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Feb. 13, 1998.

Rehearing Denied March 13, 1998.

David Custar, Oklahoma City, Oklahoma, For Petitioner,

Fred L. Boettcher, Walt Brune, Ponca City, Oklahoma, For Respondents.

## MEMORANDUM OPINION

CARL B. JONES, Vice Chief Judge:

■ ¶1 Claimant was awarded temporary total disability in this workers' compensation action for an on-the-job leg injury in August, 1996. That order was affirmed by the three-judge review panel. The only issue now presented for our review is whether, in calculating Claimant's rate of temporary total disability compensation, his "weekly wage rate" was correctly determined in accordance with 85 O.S.Supp.1992 § 21. This issue is a matter of law which will be reviewed *de novo* by this Court. *Hernandez v. United Supermarkets of Oklahoma, Inc.,* 1994 OK CIV APP 84, 882 P.2d 84, 86; *First National Bank and Trust v. McKown,* 1993 OK CIV APP 156, 867 P.2d 1342, 1345.

¶2 Claimant was a salaried employee with a gross monthly salary of $1,384.10. His temporary total disability compensation rate was calculated to be $223.58 per week ($1,384.00 per month × 12 months = $16,609.02 per year ÷ 52 weeks = $319.40 per week 2a 70%). Employer takes issue with the use of this formula because Claimant did not earn his full salary in any of the twelve months preceding his injury. Most of the time missed from work was related to three surgeries unrelated to his employment. He earned as little as $58.77 (in January, 1996) and as much as $1,174.00 (in November, 1995). Claimant's total gross salary paid for those twelve months was $6,975.70. Employer contends that to determine Claimant's "average weekly wages" for purposes of TTD compensation, the salary actually earned and paid for the previous twelve months ($6,975.70) should be divided by 52 yielding an average weekly wage of $134.15, 70% of which is $93.90.

■ ¶3 Title 85 O.S.Supp.1992 § 21 provides the exclusive method for calculating a claimant's compensation rate. *Wal–Mart Stores, Inc. v. Switch,* 1994 OK 59, 878 P.2d 357, 358. Section 21 provides in pertinent part:

"Except as otherwise provided in this act, the average weekly wages of the injured employee at the time of the injury shall be taken as the basis upon which to compute compensation and shall be determined as follows:

1. If the injured employee shall have worked in the employment in which he was working at the time of the accident whether for the same employer or not, during substantially the whole of the year immediately preceding his injury, his average annual earnings shall consist of two hundred and sixty times the average daily wage or salary which he shall have earned in such employment during the days when so employed.

\* \* \* \* \* \*

4. The average weekly wages of an employee shall be one fifty-second (1/52) part of his average annual earnings." [1]

Title 85 O.S.1994 Supp § 22(2) provides that the temporary total disability to be paid shall be 70% of the "average weekly wages".

■ ¶4 *Wal–Mart v. Switch,* supra, instructs that under this statutory formula the average daily wage should be determined and then multiplied by 260 and that amount divided by 52 to arrive at the average weekly wage. That formula, however, cannot be precisely followed. In the instant case, there was no direct evidence of Claimant's daily wage. Nevertheless, the objective is to determine the average weekly wage and it should not matter whether the calculation of such begins with a daily wage or a monthly salary.

¶5 Employer's contention is that in determining Claimant's rate of TTD compensation he should not be given the benefit of a salary figure that he had never actually earned in any of the preceding twelve months. This is understandable and hardly

1. Because Claimant had worked for Employer for substantially the whole of the year preceding his injury the quoted paragraphs 1 and 4 of § 21 are the paragraphs applicable hereto.

frivolous.[2] Section 21(1) does actually refer to "salary which he shall have earned". Employer's interpretation of the statute is consistent with the language therein. That interpretation, however, is inconsistent with *Wal–Mart v. Switch,* supra, and other earlier opinions construing § 21.

¶ 6 Despite the somewhat confusing statutory language, *Wal–Mart v. Switch* leaves little question as to how this matter should be resolved. Rather than using Claimant's **actual** past **earnings** as the basis from which to determine his "average weekly wages" the trial court must use his actual wage or salary. "In calculating an injured worker's compensation rate under 85 O.S.1991 § 21, the 'average weekly wage' of the worker must be based upon the usual and ordinary hourly wage that the worker was earning at the time of her injury." *Id.* at 360. *Wal–Mart v. Switch* reminds its readers that the purpose of the Workers' Compensation Act is to compensate injured workers for their loss of earning power. Likewise, it instructs that the purpose of § 21 is to provide a formula for determining that loss of earning power or earning capacity.

¶ 7 The trial court and the review panel correctly applied the § 21 formula in determining Claimant's average weekly wage for purposes of temporary total disability. Claimant's request for attorney fees is denied.

¶ 8 SUSTAINED.

JOPLIN and GARRETT, JJ., concur.

2. Claimant contends this appeal is "patently frivolous" and makes a request for appeal related attorney fees.